**COMMONWEALTH of Pennsylvania,
Appellee,**

v.

**David SMITH, Appellant.**

Superior Court of Pennsylvania.

Submitted June 15, 1998.

Filed July 31, 1998.

Reargument Denied Oct. 9, 1998.

Robert Fleury, Towanda, for appellant.

Robert B. McGuinness, District Attorney, Towanda, for Com., appellee.

Before McEWEN, President Judge, and DEL SOLE and JOHNSON, JJ.

DEL SOLE, Judge:

This appeal is from the trial court's denial, without a hearing, of Appellant's request for P.C.R.A. relief. The Commonwealth charged the Defendant with 45 counts including involuntary deviate sexual intercourse, sexual assault and corruption of a minor involving his stepdaughter, aged 13. Initially, the Bradford County Public Defender's office was appointed to represent Appellant.

At a September 5, 1996 arraignment, the defendant expressed his dissatisfaction with the defender assigned and asked leave to dismiss him. An order granting the public defender's office leave to withdraw its appearance on behalf of Appellant was entered, and the arraignment was rescheduled. On September 16, 1996, the rescheduled arraignment occurred. At that time, the court concluded that the defendant wished to proceed without counsel. This colloquy followed:

> DAVID SMITH: Excuse me, Your Honor. Excuse me, Your Honor–I was not aware that Mr. Hinckley would be my—still be my public—I thought maybe they would- give me another public defender.
>
> THE COURT: Well who—what public defender it is, is up to the public defender's office. It's not—it's not my business to advise the public defender's office as to how they handle their, their caseload. Your court appointed attorney will be the Bradford County Public Defender's office and it's up to that office to decide which particular attorney handles your case.
>
> DAVID SMITH: Sorry for the inconvenience, Your Honor, but I'll continue on my own. Thank you, sir.
>
> THE COURT: You do not wish an attorney then?
>
> DAVID SMITH: No sir.
>
> THE COURT: All right, Now have there been any threats of promises made to you to get you to give up your right to an attorney?
>
> DAVID SMITH: No sir.
>
> THE COURT: Are you giving up your right to an attorney voluntarily and of your own free will?
>
> DAVID SMITH: Yes sir.
>
> THE COURT: All right, it's the court's determination then, Mr. McGuinness (District Attorney), that the Defendant has made a knowing, voluntary and intelligent waiver of his right to counsel and we can proceed with the arraignment.

The next day the Defendant filed a number of *pro se* motions, including a "Motion to Appeal for Legal Council" [sic] which was

not acted on. Again, on November 19, 1996, he filed a motion requesting counsel which was not decided. Defendant next appeared in court, unrepresented, on November 27, 1996, for a guilty plea proceeding. After the colloquy, he tendered a guilty plea to two counts of involuntary deviate sexual intercourse. The court reserved ruling on whether it would accept the plea until the time of sentencing. On December 23, 1996, the sentencing hearing began with the defendant advising the court that his attorney was not present. He also stated that with counsel present he "planned on today – on pulling my plea because I had representation." After concluding that no attorney entered an appearance on behalf of the defendant, the court proceeded with sentencing. The defendant received two consecutive terms of 5 to 20 years.

The record next contains a number of *pro se* motions filed January 27, 1997 seeking to withdraw the plea, modify sentence, and "appeal". These documents are dated December 26 and 29, 1996. The court dismissed them as untimely.

On February 12, 1997 the defendant filed, a P.C.R.A. petition. Counsel was appointed, an amended petition was filed and a hearing was held on May 6, 1997. At this hearing, the Commonwealth successfully argued that many of the issues were waived because the defendant did not seek timely post sentence relief. Counsel for the Appellant advised the court that he was prepared to present evidence to establish that the defendant, while in prison, had delivered his *pro se* petitions to the prison officials and that they failed to file them. The court denied this request.

We conclude that the trial court erred in denying P.C.R.A. relief without a hearing. The gravamen of Appellant's request for relief is that he was denied his right to counsel in violation of the United States and Pennsylvania Constitutions. While a colloquy is on the record, it is marginal at best, and coupled with Appellant's subsequent requests for counsel, a hearing is required to determine if appellant is entitled to relief as permitted by 42 Pa.C.S.A. § 9543(a)(2)(i).

Also, before the court can find Appellant's issues waived for failure to timely file post-sentencing motions, or because a request to withdraw the plea was not timely filed, it must determine if the "prisoner mail box rule" as established in *Commonwealth v. Jones*, 549 Pa. 58, 700 A.2d 423 (1997) applies.

Order vacated, case remanded for further proceedings, jurisdiction relinquished.