J.S29035/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSHUA HERBERT WALTER WESTOVER, | : | |
| | : | |
| Appellant | : | |
| | : | No. 1627 WDA 2015 |

Appeal from the PCRA Order January 2, 2014
in the Court of Common Pleas of Jefferson County Criminal Division
at No(s): CP-33-CR-0000402-2010

BEFORE: BENDER, P.J.E., PANELLA, and FITZGERALD,[*] JJ.

JUDGMENT ORDER BY FITZGERALD, J.:          **FILED APRIL 12, 2016**

Appellant, Joshua Herbert Walter Westover, appeals *pro se* from the order entered in the Jefferson County Court of Common Pleas dismissing his third petition filed pursuant to the Post Conviction Relief Act[1] ("PCRA") as untimely. We affirm.

On January 10, 2011, Appellant pleaded guilty to two counts each of indecent assault and corruption of minors.[2] On April 6, 2011, the trial court sentenced Appellant to five to ten years' imprisonment followed by ten years' probation. Appellant did not file a direct appeal. On December 5, 2011, Appellant filed his first PCRA petition, *pro se*. The PCRA court

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. §§ 3126(a)(7), 6301(a)(1).

appointed counsel. Appellant filed a counseled motion to withdraw his petition on July 19, 2012, which the PCRA court granted the same day. Appellant filed a second *pro se* petition on August 20, 2012. The PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss on August 23, 2012, and dismissed the petition on November 20, 2012.[3] Appellant did not appeal.

On December 5, 2013, Appellant filed a third *pro se* PCRA petition. The PCRA court issued a Rule 907 on December 10, 2013, and dismissed Appellant's petition on January 2, 2014.[4] Appellant filed a timely notice of appeal on January 28, 2014.[5] On March 27, 2014, the trial court directed Appellant to file a concise statement of errors complained of on appeal

---

[3] The PCRA court explained that due to a "clerical oversight" it did not timely file its order to dismiss. Appellant filed a third PCRA petition, on November 5, 2012, which the PCRA court considered as a response to its Rule 907 notice. PCRA Ct. Order, 11/20/12.

[4] Appellant filed a motion to amend his petition on January 2, 2014. The PCRA court filed a supplemental order denying the motion because "[t]he averments contained in that document do not alter the [PCRA c]ourt's earlier analysis[.]" Supplemental Order, 1/2/14.

[5] Appellant's notice of appeal was filed on February 21, 2014, outside the 30-day period for filing an appeal. **See** Pa.R.A.P. 903. Appellant is incarcerated and dated his notice January 28, 2014. The trial court did not make a finding on timeliness. Further, the Commonwealth does not challenge the timeliness of the appeal. Thus, we deem the notice of appeal timely filed. **See Commonwealth v. Jones**, 700 A.2d 423, 425-26 (Pa. 1997) (discussing prisoner mail box rule and noting that courts are "inclined to accept any reasonably verifiable evidence of the date the prisoner deposits the appeal with prisoner authorities" including attesting to the date of deposit).

pursuant to Pa.R.A.P. 1925(b) within twenty-one days. Order, 3/27/14.

Appellant did not file a Rule 1925(b) statement.

> Our jurisprudence is clear and well-settled, and firmly establishes that: Rule 1925(b) sets out a simple bright-line rule, which obligates an appellant to file and serve a Rule 1925(b) statement, when so ordered; any issues not raised in a Rule 1925(b) statement will be deemed waived; the courts lack the authority to countenance deviations from the Rule's terms; the Rule's provisions are not subject to *ad hoc* exceptions or selective enforcement; appellants and their counsel are responsible for complying with the Rule's requirements; Rule 1925 violations may be raised by the appellate court *sua sponte*,[6] . . . . "[I]n order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925. Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived." [**Commonwealth v. Lord**,] 719 A.2d [306,] 309 [Pa. 1998].

**Commonwealth v. Hill**, 16 A.3d 484, 494 (Pa. 2011).

Appellant failed to file a court-ordered Rule 1925(b) statement, and has thus waived review of his claims.[7] **See id.**

Order affirmed.

---

[6] The PCRA court raised the violation in its Rule 1925(a) opinion. PCRA Ct. Op., 10/13/15, at 1.

[7] We note Appellant's judgment of sentence was final on May 6, 2011, and the instant petition is facially untimely. **See** Pa.R.A.P. 903; 42 Pa.C.S. § 9545(1), (3). Appellant's PCRA petition did not plead any of the exceptions to the jurisdictional time-bar. **See** Appellant's PCRA Pet., 12/5/13, at 1-8; 42 Pa.C.S. §9545(b)(1)(i)-(iii). Accordingly, Appellant would not be entitled to relief.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>4/12/2016</u>