J-S85026-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| SAMUEL D. HUBERT, | : | |
| Appellant | : | No. 1762 EDA 2016 |

Appeal from the PCRA Order April 28, 2016
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0005184-2007

BEFORE: PANELLA, J., RANSOM, J., and MUSMANNO, J.

MEMORANDUM BY RANSOM, J.:                    **FILED JANUARY 09, 2017**

Appellant, Samuel D. Hubert, appeals from the April 28, 2016 order denying, as untimely, his second petition filed under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

The relevant facts and procedural history of this appeal are as follows. On April 9, 2008, Appellant entered a guilty plea to rape, aggravated indecent assault, burglary, and corruption of minors.[1] On July 7, 2008, Appellant was sentenced to thirteen to twenty-six years' incarceration for the rape conviction, and a concurrent ten to twenty years for the aggravated indecent assault conviction. Appellant was further sentenced to ten to twenty years for the burglary conviction, to run concurrent with the

---

[1] 18 Pa.C.S.A. §§ 3121(c), 3125(b), 3502(a), 6301(a)(1)

sentenced imposed for aggravated indecent assault. Appellant was sentenced to two to four years' imprisonment for the corruption of minors conviction, to run consecutive to the sentence imposed for rape.

Appellant did not file any post-sentence motions or a direct appeal. Appellant filed his first PCRA petition in June of 2009, which was dismissed. This Court affirmed, and Appellant did not file for allowance of appeal with the Pennsylvania Supreme Court.

In March 2016, Appellant *pro se* filed a second petition, asserting that his sentence was illegal based upon *Alleyne v. United States*, 133 S. Ct. 2151 (2013). In April 2016, the PCRA court sent Appellant notice pursuant to Pa.R.Crim.P. 907 that his petition would be dismissed within twenty days. Appellant filed a timely response. In April 2016, the PCRA court dismissed Appellant's petition. This appeal followed. [2]

Appellant timely filed a court-ordered PA.R.A.P. 1925(b) statement. The trial court issued a responsive opinion.

Appellant raises the following issues for review:

(1)    Whether the ruling that the United States Supreme Court in Montgomery v. Louisiana, 577 U.S. … (No. 14-280,

_____

[2] The order dismissing Appellant's PCRA petition was filed on April 28, 2016. Notice was sent to Appellant via certified mail on May 3, 2016. Appellant dated the notice of appeal May 27, 2016; the notice was filed with the court on June 2, 2016. Appellant's notice of appeal is timely per the prisoner mailbox rule. *See Commonwealth v. Jones*, 700 A.2d 423 (Pa. 1997) and *Smith v. Pennsylvania Board of Probation and Parole*, 683 A.2d 278 (Pa. 1996).

2016) extends to defendants on collateral review where this Court held that when a new substantive rule of constitutional law controls the out come [sic] of a case, the constitution command is, like all federal law, is binding on the state courts and those substantive rules should [be] have retroactive effect regardless of when a conviction became final?

(2) Did not the [t]rial [c]ourt err in applying certain provision of the mandatory minimum sentencing statue [sic] at 3123 where that portion of section 3123 are facially unconstitutional and are non-severable from the reaming provision of the statue [sic]?

Appellant's Brief at 1.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **See Commonwealth v. Ragan**, 923 A.2d 1169, 1170 (Pa. 2007).

We begin by addressing the timeliness of Appellant's petition, as the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of his claims. **See Commonwealth v. Bennett**, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for relief, including second and subsequent petitions, must be filed within one year of the date on which the judgment of sentence becomes final. **Id**. There are three exceptions:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).   Any petition attempting to invoke these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2); *see Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 783 (Pa. 2000).

Appellant's petition is untimely.[3]   Nevertheless, Appellant asserts his claim is based upon a new, substantive rule of Constitutional law.   *See* Appellant's Brief at 5-7 (citing in support *Alleyne v. United States*, 135 S. Ct. 1251 (2013) (holding that any fact that increases a mandatory minimum sentence is an element of the crime that must be submitted to the jury)). Moreover, Appellant asserts, this new rule must be applied retroactively, thus entitling him to collateral relief.   *Id.* (citing in support *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016)).

_____

[3] Appellant's petition is patently untimely.  Appellant's judgment of sentence became final on August 6, 2008, at the expiration of his thirty days to file an appeal.  *See* § 9545(b)(3) (a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review).  Appellant's current petition, filed March 24, 2016, is almost seven years too late.

- 4 -

Appellant's reliance on **Montgomery** to establish the retroactive impact or effect of **Alleyne** is misplaced. In **Montgomery**, the United States Supreme Court recognized that state collateral review courts must give retroactive effect to a new, *substantive* rule of constitutional law. **Id.** at 729. However, the Pennsylvania Supreme Court has determined that the rule announced in **Alleyne** was neither a substantive nor a "watershed" procedural rule, and therefore, did not apply retroactively to cases pending on collateral review. **Commonwealth v. Washington**, 142 A.3d 810, 820 (Pa. 2016), **see also Commonwealth v. Riggle**, 119 A.3d 1058, 1064-67 (Pa. Super. 2015).

Appellant's petition is untimely, and he has not satisfied a timeliness exception to the requirements of the PCRA. Consequently, the PCRA court was without jurisdiction to review the merits of Appellant's claim and properly dismissed his petition. **See Ragan**, 932 A.2d at 1170.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/9/2017

- 5 -