J-S24002-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| VERNON WILLIAMS | |
| Appellant | No. 844 WDA 2016 |

Appeal from the PCRA Order May 3, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0004687-2003
CP-02-CR-0017550-2002

BEFORE: PANELLA, J., STABILE, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY PANELLA, J. **FILED APRIL 20, 2017**

On November 20, 2003, a jury found Appellant, Vernon Williams, guilty on charges of first-degree murder and conspiracy. The trial court sentenced him to a term of life imprisonment. He was 19 at the time of the crime. The Supreme Court of Pennsylvania denied his petition for allowance of appeal on December 7, 2005. This appeal concerns the dismissal of Williams's third petition pursuant to the Post Conviction Relief Act ("PCRA"), which he filed *pro se* on March 10, 2016. After careful review, we agree with

_____

[*] Former Justice specially assigned to the Superior Court.

the PCRA court that Williams's petition was time-barred and therefore affirm.[1]

A detailed recitation of the facts supporting Williams's judgment of sentence and a description of the procedural history of this case are unnecessary given our resolution of his argument. Procedurally, it is important to note that the instant petition was filed while Williams's appeal from the denial of his second, untimely PCRA petition was pending in this Court.[2] The PCRA court therefore was without jurisdiction to entertain Williams's third petition. *See Commonwealth v. Lark*, 746 A.2d 585, 588 (Pa. 2000).

Even if we were to review the substance of Williams's petition, we would conclude he is due no relief. Williams based his petition on *Miller v. Alabama*, 132 S.Ct. 2455 (2012), and *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016). In *Miller*, the Court held that "mandatory life-without-parole sentences for juveniles violate the Eighth Amendment." 132 S.Ct., at 2464. In *Montgomery*, the Court found that *Miller* recognized "a new

---

[1] Williams's notice of appeal was docketed in this Court in excess of 30 days from the entry of the order dismissing his PCRA. However, he is incarcerated and his proof of service is dated 24 days after the entry of the order. We conclude that this appeal is timely pursuant to the "prisoner mailbox rule." *Commonwealth v. Jones*, 700 A.2d 423, 426 (Pa. 1997).

[2] There was a lengthy delay in the processing of that appeal while the U.S. Court of Appeals for the Third Circuit addressed Williams's petition for federal *habeas corpus* relief. *See Williams v. Folino*, 625 Fed.Appx. 150 (3d Cir. 2015) (non-precedential).

substantive rule of constitutional law" and should apply retroactively. 136 S.Ct. at 729.

*Miller*, however, applies to "juveniles," 132 S.Ct., at 2464, that is, only to those defendants who were "under the age of 18 at the time of their crimes," *id*., at 2460. Williams concedes that he was 19 at the time of the crime underlying his convictions. *See* Appellant's Brief, at 3. He therefore would be due no relief in any event.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/20/2017