J-S48001-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CHAPEL THOMPSON | : | |
| | : | |
| Appellant | : | No. 49 MDA 2017 |

Appeal from the PCRA Order November 21, 2016
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s):  CP-36-CR-0001017-2012,
CP-36-CR-0001588-2011

BEFORE:   OTT, J., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY OTT, J.:                          **FILED AUGUST 21, 2017**

Chapel Thompson appeals *pro se* from the order entered November

21, 2016,[1] in the Court of Common Pleas of Lancaster County, that

dismissed as untimely his second petition filed pursuant to the Pennsylvania

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] While the trial court docket indicates Thompson filed his *pro se* notice of appeal on December 27, 2016, the envelope used to mail the notice of appeal is included in the certified record and is postmarked December 21, 2016.  Because Thompson is *pro se* and incarcerated, the "prisoner mailbox rule" applies, and his filing "is deemed filed as of the date it is delivered to the prison authorities for purposes of mailing or placed in the institutional mailbox, as evidenced by a properly executed prisoner cash slip or other reasonably verifiable evidence of the date that the prisoner deposited the *pro se* filing with the prison authorities." Pa.R.A.P. 121(a).  **See also Commonwealth v. Jones**, 700 A.2d 423 (Pa. 1997).  With the benefit of the "prisoner mailbox rule," Thompson's appeal was timely filed on December 21, 2016. **See** Pa.R.A.P. 903(a) (30-day appeal period).

Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–9546. Thompson raises the following questions: (1) whether he was given notice of accusation pursuant to the Sixth Amendment of the United States Constitution and 18 Pa.C.S. § 104(3), (4); (2) whether the sentence imposed is illegal as it is a mandatory minimum sentence imposed pursuant to 42 Pa.C.S. § 9712.1, which is unconstitutional; (3) whether the sentence imposed without statutory authorization is an illegal sentence, which encompasses the [PCRA's] one-year exception and 60-day limitation; and (4) whether a claim challenging the sentence's statutory authorization allows the PCRA court to address the procedural and substantive claims *sua sponte*. **See** Thompson's Brief ("Statement of Questions Involved"). We affirm, based on the PCRA court's well reasoned opinion, filed November 21, 2016.

The factual and procedural history of this case are fully set forth in the PCRA court's May 27, 2016, opinion, and there is no need to restate the background of this case. **See** PCRA Court Pa.R.CrimP. 907 Opinion, 5/27/2016, at 1–7.

Thompson filed his second PCRA petition *pro se* on March 24, 2016,[2] asserting he received an illegal sentence pursuant to **Alleyne v. United**

_____

[2] Under the "prisoner mailbox rule," we regard Thompson's second petition as filed on March 24, 2016, which is the post-mark date on the mailing envelope; the trial court docket reflects a filing date of March 28, 2016. **See** Footnote 1, **supra**.

*States*, 133 S. Ct. 2151 (2013).[3]  On May 27, 2016, the PCRA judge, the

Honorable David L. Ashworth, issued Rule 907 notice of intent to dismiss,

and Thompson filed a response on July 1, 2016.  Thereafter, the PCRA court

dismissed the petition without a hearing on November 21, 2016, finding that

the petition was untimely.  This appeal followed.[4]

"Our review of a PCRA court's decision is limited to examining whether

the PCRA court's findings of fact are supported by the record, and whether

its conclusions of law are free from legal error." *Commonwealth v. Cox*,

146 A.3d 221, 226 n.9 (Pa. 2016) (citation omitted).

Upon our review of the record, the parties' briefs, and the relevant

statutes and case law, we conclude the PCRA court properly determined the

petition was untimely.  *See* PCRA Court Opinion, 11/21/2016 at 3-5

(finding: (1) Thompson's legality of sentence claim is cognizable under the

PCRA; however, the claim must first satisfy the PCRA's time limitations; (2)

the PCRA's time restrictions are jurisdictional in nature; (3) Thompson's

---

[3] *Alleyne* held "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury" to be determined under the reasonable-doubt standard. *Id.* at 2155.

[4] On January 9, 2017, the PCRA court issued a "Pa.R.A.P. 1925(a) memorandum of opinion," stating that the PCRA court relied upon its opinion of November 21, 2016, to comply with Rule 1925(a).  Pursuant to the "prisoner mailbox rule," Thompson filed a *pro se* Rule 1925(b) statement on January 13, 2017, as the mailing envelope bears a post-mark with that date. The PCRA court had not ordered Thompson to file a concise statement.

petition is facially untimely; (4) Thompson's claim does not satisfy the "new constitutional right" exception to the PCRA time bar because *Alleyne* and its progeny do not apply retroactively to cases on collateral review, *Commonwealth v. Washington*, 142 A.3d 810 (Pa. 2016); (5) Thompson's argument that prior counsel were ineffective for failing to challenge his sentence based on *Alleyne* does not satisfy the "governmental interference" exception because the PCRA provides that defense counsel are not "government officials"; (6) claims of prior counsel's ineffectiveness do not satisfy the "after-discovered evidence" exception and do not operate as an independent exception to the one-year jurisdictional time bar; and (7) because Thompson has failed to plead and prove an exception to the one-year filing requirement, the court lacks jurisdiction to address the merits of Thompson's claims).

As we agree with the PCRA court's sound analysis and conclude no further discussion is warranted, we affirm the dismissal of Thompson's second PCRA petition based upon the PCRA court's November 21, 2016 opinion.[5]

---

[5] The parties are directed to attach a copy of the PCRA court's November 21, 2016 opinion to this memorandum in the event of further proceedings.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/21/2017</u>

IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
C R I M I N A L

COMMONWEALTH OF PENNSYLVANIA :

v. : Nos. 1017-2012, 1588-2011

CHAPEL THOMPSON, JR. :

OPINION

BY: ASHWORTH, J., NOVEMBER 21, 2016

Before the Court is Chapel Thompson's second *pro se* petition filed pursuant to

the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46. For the reasons set

forth below, this serial petition must be dismissed for lack of jurisdiction.

I.      Background

The facts and procedural history of this case have been well set forth in the

Pa.R.Crim.P. 907 Opinion filed on May 27, 2016, and will not be repeated here. For

purposes of this petition, it is sufficient to note that Thompson resolved the multiple

charges contained in the above-referenced Informations through the tender of a

negotiated guilty plea on June 12, 2013. Pursuant to that agreement, Thompson

received an aggregate sentence of 10 to 20 years' incarceration. This sentence

included a mandatory minimum sentence, pursuant to 42 Pa.C.S.A. § 9712.1, of five to

ten years' incarceration for committing a drug offense with a firearm. Thompson filed

neither post sentence motions nor an appeal from the judgment of sentence imposed

on June 12, 2013.

Thompson filed, *pro se*, a timely petition for post conviction collateral relief on June 6, 2014, which claimed ineffective assistance of counsel and unlawful inducement of a plea agreement. Following a Pa.R.Crim.P. 907 Notice, this petition was dismissed by Order and Opinion dated November 25, 2014. Thompson's direct appeal of that decision was quashed by Order of the Superior Court of Pennsylvania on May 4, 2015, for failure of Thompson to file his Pa.R.A.P. 1925(b) statement.

On March 24, 2016,[1] Thompson filed, *pro se*, his second petition for post conviction collateral relief, arguing that he received an illegal sentence pursuant to **Alleyne v. United States,** — U.S. —, 133 S.Ct. 2151 (2013) (holding that a fact which triggers the imposition of a mandatory minimum sentence is an element of the crime and must, therefore, be determined beyond a reasonable doubt by a jury). Upon review of Thompson's *pro se* petition and the entire record, I found that this second petition was untimely. Therefore, pursuant to Pa.R.Crim.P. 907(1), I gave notice in an Opinion and Order dated May 27, 2016, of my intention to dismiss this PCRA petition without a hearing, subject to Thompson's right to respond to the notice within 30 days.

Thompson filed his response on July 1, 2016.[2] This second opinion is to further address the arguments made by Thompson in his Rule 907 response.

---

[1]Pursuant to the "prisoner mailbox rule," Thompson's pleading is deemed filed on the date of mailing, March 24, 2016, rather than the date of docketing, March 28, 2016. *See* **Commonwealth v. Crawford,** 17 A.3d 1279, 1281 (Pa. Super. 2011) ("Under the prisoner mailbox rule, we deem a *pro se* document filed on the date it is placed in the hands of prison authorities for mailing.").

[2]The Clerk of Court's Office time-stamped the pleading on the day it was received, July 1, 2016. The Office, however, neglected to retain the envelope with the U.S. Postal Service's stamp of the date it was mailed. I must assume, therefore, that the response was timely filed on or before June 26, 2016.

2

## II.    Discussion

Thompson claims this Court imposed an unconstitutional mandatory minimum sentence in violation of **Alleyne**.  Legality of sentence is always subject to review within the PCRA.  *See* 42 Pa.C.S.A. § 9543(a)(2)(vii).  However, the claim must first satisfy the Act's time limitations.  **Commonwealth v. Vega**, 754 A.2d 714, 719 (Pa. Super. 2000).  Therefore, before the merits of Thompson's argument may be addressed, I must first consider the timeliness of Thompson's second PCRA petition because it implicates the jurisdiction of this Court.  **Commonwealth v. Davis**, 86 A.3d 883, 887 (Pa. Super. 2014).

Thompson's second *pro se* PCRA petition is governed by 42 Pa.C.S.A. § 9545(b)(1), which provides in relevant part:

> **(b) Time for filing petition.-**
> (1) Any petition under this subchapter, including *second and subsequent petitions, shall be filed within one year of the date the judgment becomes final*, unless the petition alleges and the petitioner proves that:
> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) (emphasis added).

This time restriction is "jurisdictional in nature." **Commonwealth v. Albrecht**, 606 Pa. 64, 67, 994 A.2d 1091, 1093 (2010) (citation omitted).  Pennsylvania law

3

makes clear that when "a PCRA petition is untimely, neither [the Superior] Court nor the trial court has jurisdiction over the petition." **Commonwealth v. Seskey**, 86 A.3d 237, 241 (Pa. Super. 2014) (citation omitted). "[Jurisdictional time] limitations are mandatory and interpreted literally; thus, a court has no authority to extend filing periods except as the statute permits." **Commonwealth v. Jackson**, 30 A.3d 516, 519 (Pa. Super. 2011) (*quoting* **Commonwealth v. Fahy**, 558 Pa. Super. 313, 329, 737 A.2d 214, 222 (1999)). "Without jurisdiction, [the courts] simply do not have the legal authority to address the substantive claims." **Seskey**, *supra* at 241.

For purposes of the PCRA, a judgment of sentence becomes final at the conclusion of direct review, which includes discretionary review in the Supreme Court of Pennsylvania, or at the expiration of the time for seeking such review. 42 Pa.C.S.A. § 9545(b)(3). Thus, Thompson's judgment of sentence became final on July 12, 2013, or 30 days after imposition of Thompson's sentencing on June 12, 2013, when the time allowed for filing a direct appeal expired. 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903; Pa.R.Crim.P. 720(A)(2); **Commonwealth v. Green**, 862 A.2d 613, 618-19 (Pa. Super. 2004).

Under 42 Pa.C.S.A. § 9545(b), Thompson had to file his petition within one year from that date or demonstrate that an exception applies. Thompson's second petition was filed on March 24, 2016, or over two and one-half years after his judgment of sentence became final. Thus, this petition is facially untimely unless I find that one of the exceptions of Section 9545(b)(1) applies. *See* **Commonwealth v. Ketchmar**, 971 A.2d 1249, 1251 (Pa. Super. 2009) (*citing* **Commonwealth v. Murray**, 562 Pa. 1, 753

4

A.2d 201 (2000)). It is the defendant's burden to plead and prove that one of these exceptions to the one-year time requirement applies. **Commonwealth v. Bronshtein,** 561 Pa. 611, 616, 752 A.2d 868, 871 (2000). Thompson has not carried that burden in this case.

Here, Thompson appears to be invoking the time-bar exception under Section 9545(b)(1)(iii). Thompson maintains that his mandatory minimum sentence pursuant to 42 Pa.C.S.A. § 9712.1, which provides a mandatory minimum sentence for committing a drug offense with a firearm, is unconstitutional pursuant to **Alleyne.** (*See* Rule 907 Response at ¶¶ 3, 7-13.) Thus, Thompson's argument may be characterized as an attempt to assert the "new constitutional right" exception to the PCRA time-bar based on **Alleyne.**

This reliance on **Alleyne** is misplaced, however, as it is well-settled that **Alleyne** does not invalidate a mandatory minimum sentence when the claim is raised in an untimely PCRA petition. *See* **Commonwealth v. Miller,** 102 A.3d 988, 995-96 (Pa. Super. 2014) ("[A] legality of sentence claim may nevertheless be lost should it be raised . . . in an untimely PCRA petition for which no time-bar exception applies."). Furthermore, our Supreme Court has held that **Alleyne** and its progeny do not apply retroactively to cases on collateral review. **Commonwealth v. Washington,** — Pa. —, 142 A.3d 810, 812 (2016). Thus, the **Alleyne** decision does not assist Thompson in establishing the "new constitutional right" exception to the PCRA's limitations.

Nor can Thompson establish either of the two remaining exceptions to the timeliness requirement: interference by government officials and after-discovered or

5

newly discovered evidence.  42 Pa.C.S.A. § 9545(b)(1)(i)-(ii).  Thompson essentially argues that trial counsel and PCRA counsel were ineffective for failing to challenge his illegal sentence based on **Alleyne**, and that this Court erred in not *sua sponte* correcting the illegal sentence after the **Alleyne** decision was announced despite counsels' failure to raise the issue.  (*See* Rule 907 Response at ¶¶ 4-6, 16-18.)  To the extent these arguments can be construed as involving the after-discovered evidence or interference with government official exceptions to the timeliness requirement, they lack merit.

With regard to the interference by government officials referred to in Section 9545(b)(1)(i), "defense counsel" were specifically excluded from such officials. **Commonwealth v. Yarris**, 557 Pa. 12, 24, 731 A.2d 581, 587 (1999) (*citing* 42 Pa.C.S.A. § 9545(b)(4) ("For purposes of this subchapter, 'government officials' shall not include defense counsel, whether appointed or retained.").  *See also* **Commonwealth v. Pursell**, 561 Pa. 214, 749 A.2d 911, 915-16 (2000) (holding a petitioner's claim in a second PCRA petition, that all prior counsel rendered ineffective assistance, did not invoke timeliness exception, as "government officials" did not include defense counsel).  Therefore, a claim of ineffective assistance of all prior counsel, including first PCRA counsel, does not fulfill the governmental interference exception.  **Commonwealth v. Crews**, 581 Pa. 45, 53, 863 A.2d 498, 503 (2004).

Similarly, a petitioner's belief that he has uncovered a colorable claim of ineffectiveness by prior counsel does not entitle the petitioner to the after-discovered evidence exception to the timeliness requirements.  **Commonwealth v. Howard**, 567

6

Pa. 481, 488, 788 A.2d 351, 355 (2002). Our Supreme Court has clearly stated that "attempt[s] to interweave concepts of ineffective assistance of counsel and after-discovered evidence as a means of establishing jurisdiction [are] unconvincing." Id. (*quoting* **Commonwealth v. Gamboa-Taylor**, 562 Pa. 70, 79, 753 A.2d 780, 785 (2000)). The Court explained:

> '[W]ere we to accept this theory, any subsequent counsel's determination that prior counsel was ineffective would provide a newly discovered 'fact' not previously available to a petitioner. . . . In this scenario, a petitioner would be able to circumvent the one-year time limitation each time another attorney presented a new theory of ineffectiveness of previous counsel.' **Gamboa-Taylor**, 753 A.2d at 787. The timeliness requirements crafted by the legislature would thus effectively be eviscerated by any petitioner who was willing to file serial PCRA petitions alleging ineffective assistance of counsel.

**Howard**, 567 Pa. at 488, 788 A.2d at 355. Such an interpretation is not consonant with the timeliness requirements and, thus, was rejected by the **Gamboa-Taylor** Court and reiterated by the **Howard** Court. Id.

Finally, it is well settled that claims of trial counsel ineffectiveness do not operate as an independent exception to the one-year jurisdictional time bar of the PCRA. *See* **Gamboa-Taylor**, *supra* at 80, 753 A.2d at 785 (stating that "a claim for ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits"). *See also* **Commonwealth v. Breakiron**, 566 Pa. 323, 329, 781 A.2d 94, 97 (2001) (allegations of ineffective assistance of counsel will not avoid the timeliness requirement of the PCRA); **Commonwealth v. Lark**, 560 Pa. 487, 746 A.2d 585, 589-90 (2000) (holding that couching argument in terms of ineffectiveness cannot save a petition that does not fall into exception to jurisdictional time bar).

7

Consequently, because this PCRA petition is untimely, and Thompson has failed to plead and prove an exception to the one-year filing requirement, this Court lacks jurisdiction to address the merits of Thompson's claims, and must dismiss this second petition without an evidentiary hearing. *See* **Commonwealth v. Fairiror,** 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition).

## III.    Conclusion

For the reasons set forth above, Petitioner Chapel Thompson's *pro se* petition for post conviction relief must be dismissed for lack of jurisdiction.

Accordingly, I enter the following:

IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
CRIMINAL

COMMONWEALTH OF PENNSYLVANIA :

v.  :  Nos. 1017-2012, 1588-2011

CHAPEL THOMPSON, JR.  :

ORDER

AND NOW, this 21st day of November, 2016, it is hereby ORDERED that the *pro se* petition for post conviction collateral relief of Chapel Thompson, Jr., is DISMISSED without a hearing because this serial PCRA petition was not timely filed pursuant to 42 Pa.C.S.A. § 9545(b), and Thompson has failed to plead and prove any of the exceptions set forth in § 9545(b)(1)(i-iii) to the timeliness requirement. This Court, therefore, lacks jurisdiction to decide the petition on its merits.

Pursuant to Pa.R.Crim.P. 907(4), this Court advises Thompson that he has the right to appeal from this Order. Thompson shall have 30 days from the date of this final Order to appeal to the Superior Court of Pennsylvania. Failure to appeal within 30 days will result in the loss of appellate rights. It is further ORDERED that Thompson shall have the right to appeal *in forma pauperis*.

I certify this document to be filed in the Lancaster County Office of the Clerk of the Courts.

BY THE COURT;

DAVID L. ASHWORTH
JUDGE

ATTEST:
Jacquelyn E. Pfursich
Clerk of Courts

Copies to: Travis S. Anderson, Assistant District Attorney
Chapel Thompson, Jr., #KZ-3806, SCI-Rockview, 1 Rockview Place, Box A,
Bellefonte, PA 16823-0820 – CERTIFIED MAIL

LANCASTER COUNTY, PA 2016 NOV 21 AM 10: 51 CLERK OF COURTS