J-S69013-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| DEANTHONY KIRK | |
| Appellant | No. 247 WDA 2017 |

Appeal from the PCRA Order January 12, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0010539-2010

BEFORE: BOWES, RANSOM, JJ. and STEVENS,P.J.E.*

MEMORANDUM BY BOWES, J.: FILED NOVEMBER 28, 2017

DeAnthony Kirk appeals pro se from the order denying his second PCRA petition as untimely. We affirm.

Appellant was convicted of three counts of first-degree murder and several related charges for his role in the shooting deaths of Jahard Poindexter, Angela Sanders, and Tre Madden during the armed robbery of Mr. Poindexter's apartment. On November 1, 2011, he was sentenced to three concurrent terms of life imprisonment, and two terms of five to ten years imprisonment for the attempted murder of two other victims, Marcus Madden and Brittany Poindexter, who survived the shooting.

The PCRA court succinctly summarized the subsequent procedural history as follows:

_____
* Former Justice specially assigned to the Superior Court.

The judgment of sentence was affirmed on August 2, 2013 and [Appellant's] subsequent Petition for Allowance of Appeal was denied by our Supreme Court on November 26, 2013.

No further action was taken until June 23, 2014, when [Appellant] filed a pro se Post Conviction Relief Act Petition. Counsel was appointed to represent [Appellant], but he eventually filed a Turner "no-merit" letter and sought permission to withdraw from the representation. After giving the appropriate notice, this Court dismissed the Petition without a hearing on October 15, 2014. [Counsel was granted permission to withdraw]. [Appellant] appealed to the Superior Court . . . however, the appeal was dismissed . . . on February 17, 2016[, due to] his failure to file [a] brief.

No further action was taken until July 28, 2016, when [Appellant] filed his second pro se Post Conviction Relief Act Petition, averring that prison officials failed to mail his direct [PCRA] appeal brief in a timely fashion. In support of his claim, he attached a prison cash slip for mailing (unspecified) legal documents to the Superior Court dated January 19, 2016 and stamped by prison officials on March 16, 2016. After giving the appropriate notice, this Court dismissed [Appellant's] second PCRA Petition on January 12, 2017. This appeal followed.

PCRA Court Opinion, 5/5/17, at 2-3.

Appellant presents one question for our review, which we restate for clarity as follows: Whether the instant PCRA petition is time-barred when Appellant atimely filed the appellate brief in the appeal from his prior PCRA petition pursuant to the prisoner mailbox rule. For the reasons explained infra, no relief is due.

We review a PCRA court order to determine whether the PCRA court's determination is supported by the certified record and is free of legal error. Our Supreme Court has stated, "[a]n appellate court reviews the PCRA

court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." Commonwealth v. Spotz, 84 A.3d 294, 311 (Pa. 2014). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." Id.

All PCRA petitions must be filed within one year of the date a defendant's judgment becomes final, unless an exception to the one-year time restriction applies. 42 Pa.C.S. § 9545(b)(1). If a PCRA petition is untimely, "neither this Court nor the trial court has jurisdiction over the petition." Commonwealth v. Miller, 102 A.3d 988, 992 (Pa.Super. 2014). (citation omitted). We review that legal conclusion de novo. Id. Appellant's sentence became final during February 2014, when the period to file a petition for writ of certiorari with the United States Supreme Court expired. Thus, the instant petition filed on July 28, 2016, is timely only if one of the statutory exceptions applies.

Section 9545 provides the following three exceptions that allow for review of an untimely PCRA petition: (1) petitioner's inability to raise a claim as a result of governmental interference; (2) the discovery of previously unknown facts that could not have been ascertained by the exercise of due diligence; and (3) a newly-recognized constitutional right that has been held to apply retroactively. 42 Pa.C.S. § 9545 (b)(1)(i)-(iii). Any exception must

- 3 -

be raised within sixty days of the date the claim first could have been presented. 42 Pa.C.S. § 9545(b)(2).

Appellant invokes the governmental interference exception. As stated in Commonwealth v. Jones, 700 A.2d 423 (Pa. 1997) and Smith v. Pennsylvania Board of Probation and Parole, 683 A.2d 278 (Pa. 1996), pursuant to the prisoner mailbox rule, a document is considered filed when delivered to prison authorities for mailing. Instantly, Appellant argues that, on January 19, 2016, he submitted to prison authorities for mailing the appellate brief challenging the order denying his first, timely PCRA petition; however, the prison failed to transmit the documents to this Court until March 16, 2016. In the interim, on February 17, 2016, we dismissed Appellant's appeal due to his failure to file a brief. Thus, Appellant asserts that, by neglecting to mail the appellate brief in a timely fashion, the prison officials interfered with the presentation of his timely PCRA claims. He seeks to have his PCRA appellate rights reinstated. No relief is due.

Initially, we note that the PCRA court determined that Appellant failed to file his current PCRA petition within sixty days of the date Appellant could have first presented his claim. See PCRA Court Opinion, 5/5/17, at 4-5. It determined that this Court dismissed Appellant's appeal from the prior PCRA appeal on February 17, 2016, but Appellant did not file his current PCRA petition until July 28, 2016 "well outside of that deadline." Id. at 5. While we must adjust the PCRA court's determination of the date that the sixty-

day period began to accrue, we agree with its conclusion that Appellant's attempt to invoke the governmental interference exception in this case fails because he did not present the claim within sixty days of when it could have been presented.

As noted, the PCRA instructs that "any petition invoking an exception" to the timeliness requirement "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. 9434 (b)(2) (emphasis added). Appellant does not state the precise date that he discovered the February 17, 2016 order dismissing his appeal. However, on April 4, 2016, Appellant mailed correspondence to the Assistant Prothonotary of this Court wherein he invoked the prisoner mailbox rule and requested assistance with the reinstatement of his appellate rights. We deemed the correspondence to be an application for reconsideration and denied relief on April 6, 2016, because, as of the date of the request, we lacked jurisdiction to disturb the order filed on February 17, 2016. Appellant did not seek allowance of appeal with the Supreme Court. More than three and one-half months later, he filed the present, untimely PCRA petition.

While the PCRA court determined that Appellant could have first asserted the government interference exception on February 17, 2016, we omit the period that Appellant sought reconsideration in this Court from our computation of time for the purpose of § 9545(b)(2). Stated plainly, Appellant could not file a second PCRA petition until review of the first

- 5 -

petition had been finally resolved. See Commonwealth v. Lark, 746 A.2d 585, 588 (Pa. 2000) (when appeal of PCRA petition is pending, petitioner is precluded from filing subsequent PCRA petition until appeal has been resolved by highest state court in which review is sought, or upon expiration of time for seeking such review.) Accordingly, Appellant had sixty days from the date we denied his request for reconsideration to comply with § 9545(b)(2). Nevertheless, since Appellant did not file the instant PCRA petition invoking governmental interference until July 27, 2016, more than sixty days after we declined reconsideration of the order dismissing his appeal for failure to file a brief, it is clear that the PCRA court lacked jurisdiction to review the merits of Appellant's untimely PCRA petition.[1] See 42 Pa.C.S. § 9545(b)(2).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/28/2017

_____

[1] Likewise, to the extent that Appellant's discovery of our February 17, 2016 order dismissing his appeal could serve as a newly discovered fact, that claim fails for the identical reason. Plainly, Appellant cannot satisfy either exception to the PCRA time-bar because he neglected to raise it within the sixty-day window set forth in § 9545(b)(2).