J-S01015-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANDREW E. GINES | : | |
| | : | |
| Appellant | : | No. 1648 EDA 2019 |

Appeal from the Order Entered April 29, 2019
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0000035-2007

BEFORE: BOWES, J., KUNSELMAN, J., and STRASSBURGER, J.*

MEMORANDUM BY BOWES, J.: **FILED FEBRUARY 11, 2020**

Andrew Gines appeals from the April 29, 2019 order that denied his motion for the return of property as untimely. We affirm.

Due to the nature of the claims raised by Appellant, we only briefly address the long factual and procedural history of this case. The trial court prepared an apt summary in its Rule 1925(a) opinion:

> On January 1, 2007, an incident occurred at the house of Appellant's son's girlfriend. Three local police officers responded to the scene. One officer indicated that he was going to conduct a protective sweep of the house. As that officer entered the house, Appellant fired two shots at him. At the conclusion of a three-day trial, a jury convicted Appellant of two counts of attempted murder, two counts of aggravated assault on a police officer, and other related crimes. On July 22, 2008, the trial court sentenced Appellant to an aggregate term of thirty to sixty years of imprisonment.

_____

* Retired Senior Judge assigned to the Superior Court.

Prior to trial, Appellant filed a motion for the return of property.[1] On February 8, 2007, the trial court filed an order denying Appellant's motion for the return of property. Following the denial of his motion for return of property, the Superior Court affirmed Appellant's judgment of sentence on November 30, 2009. *See Commonwealth v. Gines*, 990 A.2d 44 (Pa.Super. 2009) (unpublished memorandum). On June 23, 2010, the Supreme Court denied his petition for allowance of appeal. *Commonwealth v. Gines*, 997 A.2d 1175 (Pa. 2010).

Thereafter, Appellant unsuccessfully sought relief by filing four serial *pro se* PCRA petitions. The denial of each PCRA was affirmed on appeal. On April 25, 2019, Appellant filed a *pro se* motion for return of property. This motion was filed over twelve years after his original motion was denied. By order dated April 29, 2019, the trial court denied the present motion which is the subject of this appeal.

Trial Court Opinion, 7/31/19, at 1-2 (cleaned up).

Appellant filed a timely notice of appeal.[2] The trial court directed Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b), Appellant timely complied, and the trial court filed an opinion pursuant to Rule 1925(a).

---

[1] In relevant part, the property implicated by Appellant's motion include a cellular telephone, a lighter, a wallet and its sundry contents, and approximately sixty dollars in cash. *See* Petition for the Return of Personal Property, 4/25/19, at 2. For the first time on appeal, Appellant has also included references to a 1991 Ford F-150 truck. *See* Appellant's brief at 2.

[2] Appellant was incarcerated at SCI-Rockview at the time that he submitted his *pro se* notice of appeal. In this context, a *pro se* prisoner's notice of appeal is deemed to be "filed" as of the date that he or she delivers it to the prison authorities for mailing. *See Commonwealth v. Jones*, 700 A.2d 423, 425-26 (Pa. 1997). As a general matter, "we are inclined to accept any reasonably verifiable evidence of the date that the prisoner deposits the appeal with the prison authorities." *Id*. at 426. Instantly, the envelope in which Appellant enclosed his notice of appeal reflects that it was processed by (and, therefore, was in the possession of) prison authorities no later than May 28, 2019. Thus, Appellant's notice of appeal was timely filed. *Id*. at 425-26.

Before engaging with the merits of Appellant's arguments, we must first ascertain whether Appellant's request for the return of property is timely. "This issue is purely a question of law; accordingly, our standard of review is *de novo*, and our scope of review is plenary." ***Commonwealth v. Allen***, 107 A.3d 709, 714 (Pa. 2014).

In pertinent part, Pennsylvania Rule of Criminal Procedure 588 ("Motion for Return of Property") governs such petitions and provides as follows:

> (A) A person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of the property on the ground that he or she is entitled to lawful possession thereof. Such motion shall be filed in the court of common pleas for the judicial district in which the property was seized.
>
> (B) The judge hearing such motion shall receive evidence on any issue of fact necessary to the decision thereon. If the motion is granted, the property shall be restored unless the court determines that such property is contraband, in which case the court may order the property to be forfeited.
>
> (C) A motion to suppress evidence under Rule 581 may be joined with a motion under this rule.

Pa.R.Crim.P. 588. Interpreting this rule, our Supreme Court has stated that "a return motion is timely when it is filed by an accused in the trial court while that court retains jurisdiction, which is up to thirty days after disposition." ***Allen***, ***supra*** at 717 (citing 42 Pa.C.S. § 5505 (providing that a trial court retains jurisdiction to modify or rescind any order within thirty days of its entry)). Failure by a petitioner to file a return motion during the pendency of

- 3 -

the underlying criminal charges, or within thirty days of a final order, results in waiver. *Id*. at 717-18.

Instantly, Appellant's petition is patently untimely. More than a decade has elapsed since the trial court was divested of jurisdiction in his case, and Appellant cannot obtain relief pursuant to the thirty-day period afforded by § 5505. As in *Allen*, Appellant's "failure to file a return motion during the pendency of the criminal charges against him or within thirty days following [final disposition] of the charges results in waiver, precluding review of his stand-alone return petition."[3] *Id*. at 718.

Order affirmed.

_____

[3] We also note that Appellant originally filed a petition for return of property prior to trial, which solely concerned the Ford F-150 Truck. *See* Petition for Return of Property, 2/6/07, at ¶¶ 1-7. The trial court denied this petition. Appellant then filed a second such petition, *pro se*, which largely included the property referenced in the motion that underlies this appeal. *See* Petition for Return of Property, 6/30/08, at ¶¶ 1-7. This motion was filed while Appellant was still represented by counsel and appears to have been properly ignored by the trial court. *See Commonwealth v. Padilla*, 80 A.3d 1238, 1273 (Pa. 2013) ("[N]o defendant, including Appellant, is entitled to hybrid representation, . . . . The trial court did not err by declining to consider Appellant's *pro se* motion on the merits."). Appellant did not raise any claims related to his initial petition for return of property in his first direct appeal to this Court. *See Commonwealth v. Gines*, 990 A.2d 44 (Pa.Super. 2009) (unpublished memorandum at 1-10) (failing to raise any issue related to the return of property seized by law enforcement).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/11/20