J-S66007-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | | |
| v. | | |
| TROY STEPHAN PICKENS | | |
| Appellant | | No. 1246 EDA 2019 |

Appeal from the Judgment of Sentence Entered January 3, 2019
In the Court of Common Pleas of Montgomery County
Criminal Division at No.: CP-46-CR-0003698-2017

BEFORE:  STABILE, J., NICHOLS, J., and FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY STABILE, J.:                     Filed: March 26, 2020

Appellant Troy Stephan Pickens *pro se* appeals from the January 3, 2019 judgment of sentence entered in the Court of Common Pleas of Montgomery County ("trial court"), following his bench convictions for five counts of dealing in the proceeds of unlawful activity, five counts of tampering with public records or information, five counts of tampering with records or information, and five counts of securing execution of documents by deception.[1]  Following his January 3, 2019 judgment of sentence, Appellant timely filed post-sentence motions seeking to modify sentence and restitution.  On February 8, 2019, the trial court denied the motion to modify sentence but granted the motion to modify restitution.  On April 23, 2019, more than thirty days after

---

[1] 18 Pa.C.S.A. §§ 5111, 4911, 4104, and 4114, respectively.

the trial court's February 8, 2019 order,[2] Appellant *pro se* filed a notice of appeal.[3]

On June 21, 2019, the trial court conducted a hearing to determine Appellant's compliance with the mailbox rule.[4]   Following the hearing, the court found that the dates provided on Appellant's notice of appeal and cash slip were inauthentic and that Appellant handed his notice of appeal to the prison authorities on April 16, 2019 and not on March 4, 2019 as he claimed. The court further found that "[Appellant], clearly aware that he had missed the appeal deadline, falsified documentation so it would appear that he had filed a timely appeal." Trial Court Opinion, 6/27/19 at 4.  Given the trial court's finding that Appellant delivered his notice of appeal to the prison authorities

---

[2] Here, because the last or the thirtieth day of the appeal period ended on Sunday, March 10, 2019, Appellant had until Monday, March 11, 2019 to file a timely appeal.  **See** 1 Pa.C.S.A. § 1908 (omitting last day from computation period when it falls on weekend or holiday).

[3] After he filed the *pro se* notice of appeal and following an on-the-record determination pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998), Appellant elected to represent himself on appeal.   N.T. Hearing, 6/6/19, at 6.

[4] Under the "prisoner mailbox rule," a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing. **Commonwealth v. Jones**, 700 A.2d 423, 426 (Pa. 1997).

on April 16, 2019, we conclude that this appeal is untimely.[5]  Thus, we are constrained to quash it for want of jurisdiction.[6]

　　　Appeal quashed.  Applications denied.

Judgment Entered.

*Joseph D. Seletyn*

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/26/20

---

[5] To the extent the record suggests attorney abandonment with respect to appealing timely the judgment of sentence, Appellant may raise this issue without prejudice on collateral review.  We, however, express no opinion on the merits.

[6] We deny Appellant's November 27, 2019 Application for Emergency Relief and his January 27, 2020 Application for Emergency Relief/Bail Pending Appeal/Request for Decision on Previous Emergency Application.