**COMMONWEALTH of Pennsylvania, Respondent,**

v.

**Demetris SCALES, Petitioner.**

Supreme Court of Pennsylvania.

April 14, 1998.

*ORDER*

PER CURIAM:

AND NOW, this 14th day of April, 1998, the Petition for Allowance of Appeal is GRANTED; the order of the Superior Court quashing appeal from the order of the Court of Common Pleas of Philadelphia County is REVERSED; and this matter is REMANDED to the Superior Court for further proceedings consistent with this court's opinion

---

**3.** I note that Alexander used his office to sell prescriptions for drugs later sold on the street. He is now making this unconvincing comparison of an office to a home to shield his abandonment of his professional oath and his abuse of the physician's privilege to prescribe medications.

**4.** I have, however, repeatedly stated that the use of a residence for illegal activity, such as the sale of drugs, should deprive even the occupants of a home of their traditional expectation of privacy.

*Commonwealth v. Selby*, 547 Pa. 31, 688 A.2d 698 (1996) (Newman, J., dissenting).

**5.** In *White*, the Supreme Court of the United States held that a warrantless wiretap conducted with the consent of one party to the recorded conversation did not violate the Fourth Amendment. While I recognize that we are deciding this case pursuant to Article I, Section 8 of the Pennsylvania Constitution, not the Fourth Amendment of the United States Constitution, I find the reasoning in *White* persuasive.

in *Commonwealth v. Jones,* 549 Pa. 58, 700 A.2d 423 (1997).