J-S59005-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMIR CHAVOUS, | |
| Appellant | No. 3672 EDA 2015 |

Appeal from the PCRA Order Entered November 5, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No(s):
CP-23-CR-0003651-2002
CP-23-CR-0003652-2002

BEFORE:  BENDER, P.J.E., OLSON, J., and FITZGERALD, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED OCTOBER 11, 2016**

Appellant, Jamir Chavous, appeals *pro se* from the PCRA court's November 4, 2015 order denying, as untimely, his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

We need not set forth, in significant detail, the factual or procedural history of Appellant's case.  We only note that Appellant entered negotiated guilty pleas, in two separate cases, to sexual assault and conspiracy to commit sexual assault.  Following Appellant's sentencing for those offenses in 2003, he did not file a direct appeal.  Between 2003 and 2009, Appellant

---

[*] Former Justice specially assigned to the Superior Court.

filed and litigated two PCRA petitions, both of which were denied with no subsequent appeal by Appellant.

On September 25, 2015, Appellant filed a third, *pro se* PCRA petition, which underlies the present appeal. The PCRA court subsequently issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition as being untimely-filed. Appellant filed a *pro se* response, but the PCRA court dismissed his petition by order entered on November 5, 2015. Appellant filed a timely, *pro se* notice of appeal.[1] The court did not direct Appellant to file a Pa.R.A.P. 1925(b) statement, but it filed an opinion on January 7, 2016.

In Appellant's *pro se* brief to this Court, he raises 14 issues for our review. Before we may address any of those claims, however, we must examine the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. ***See Commonwealth v.***

_____

[1] Appellant's *pro se* notice of appeal was filed on December 7, 2015. The Delaware County Clerk of Courts properly included, in the certified record, the envelope in which Appellant's notice was mailed, and the postage stamp on that envelope bears a date of December 1, 2015. Therefore, Appellant's *pro se* notice of appeal was timely filed under the 'prisoner mailbox rule.' ***See Commonwealth v. Jones***, 700 A.2d 423, 426 (Pa. 1997) (stating that under the 'prisoner mailbox rule' an appeal will "be deemed 'filed' on the date that the appellant deposits the appeal with prison authorities and/or places it in the prison mailbox").

*Bennett*, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> **(b) Time for filing petition.--**
>
> > (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
> >
> > > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> > >
> > > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> > >
> > > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's 2015 petition is clearly untimely, as his judgment of sentence became final in 2003. In his *pro se* brief, Appellant asserts various claims of ineffective assistance of trial counsel, and challenges to the validity

of his guilty pleas. **See** Appellant's Brief at 11-14. At no point does Appellant make any attempt to plead and prove the applicability of a timeliness exception. Accordingly, we are without jurisdiction to assess the merits of his underlying claims.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/11/2016