J-S94029-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| ARTHUR W. NESBITT | |
| Appellant | No. 599 MDA 2016 |

Appeal from the PCRA Order February 23, 2016
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0000575-2002, CP-40-CR-0000721-2002, CP-40-CR-0000721-2002, CP-40-CR-0001677-2002, CP-40-CR-0001678-2002

BEFORE:  LAZARUS, J., RANSOM, J., and FITZGERALD, J.[*]

MEMORANDUM BY RANSOM, J.:               **FILED APRIL 17, 2017**

Appellant, Arthur W. Nesbitt, appeals from the order entered February 23, 2016, denying as untimely his serial petition for collateral relief filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, following a trial resulting in his conviction for involuntary deviate sexual conduct, endangering welfare of children, and corruption of minors.  We quash.

On October 23, 2002, a jury convicted Appellant of numerous sexual offenses involving the molestation of children.  On January 28, 2003, he received an aggregate sentence of twenty-nine and one-half to one hundred

_____

[*] Former Justice specially assigned to the Superior Court.

eighteen years of incarceration. He was found to be a sexually violent predator. Appellant did not appeal from his judgment of sentence, and as a result, his sentence became final on February 27, 2003. *See* 42 Pa.C.S. § 9545(b)(3).

Appellant timely filed his first PCRA petition on February 3, 2003; the petition was ultimately denied. This Court affirmed the denial of Appellant's petition on July 1, 2004. *See Commonwealth v. Nesbitt*, 858 A.2d 1279 (Pa. Super. 2004) (unpublished memorandum). Appellant filed two subsequent petitions seeking PCRA relief but did not appeal their denial.

On September 22, 2015, Appellant *pro se* untimely filed the instant PCRA petition, his fourth, arguing that his sentence is illegal under *Alleyne v. United States*, 133 S. Ct. 2151 (2013). On January 8, 2016, the PCRA court sent Appellant notice pursuant to Pa.R.Crim.P.907 that his petition would be dismissed without a hearing.

On February 23, 2016, the PCRA court dismissed Appellant's petition as untimely. The order was mailed to Appellant, first class, that same day. Thus, the notice of appeal was due by March 24, 2016. *See* Pa.R.A.P. 108(a)(1) (day of entry of an order shall be the day the clerk of courts mails or delivers copies of the order to the parties); Pa.R.A.P. 903(a) (notice of appeal shall be filed within thirty days after the entry of the order from which the appeal is taken).

A *pro se* prisoner's petition for review must be considered filed for purposes of Pa.R.A.P. 903 when the appeal is deposited with prison officials or placed in the prison mailbox. **See Commonwealth v. Jones**, 700 A.2d 423, 426 (Pa. 1997); **see also Smith v. Pennsylvania Board of Probation and Parole**, 683 A.2d 278, 279-81 (Pa. 1996). To prove an appeal timely filed, an appellant may include a "cash slip" indicating that the Department of Corrections charged the prison bank account for postage, or a Postal Form 3817, certificate of mailing. **See Jones**, 700 A.2d at 426.

Appellant, who is incarcerated, *pro se* filed this appeal. He hand dated his notice of appeal February 27, 2016, but provided no proof of service.[1] The trial court docket indicates that the notice of appeal was filed on April 7, 2016. On May 16, 2016, this Court issued a Rule to Show Cause why the appeal should not be quashed. Appellant timely responded, and the rule was discharged. However, the mailing slip Appellant provided as proof is dated April 30, 2016, which does not prove a timely appeal.

As Appellant has provided no proof that he timely filed the instant appeal other than his self-dated notice of appeal, we are constrained to quash. **See Jones**, 700 A.2d at 426.

Further, Appellant's pending Motion to Proceed In Forma Pauperis is denied. Appellant has failed to comply with Pa.R.A.P. 561 in that his petition

---

[1] The record does not include the envelope and only the self-dated notice of appeal is available.

does not assert the truthfulness of his statements nor has he recognized the penalties that he may incur.[2] ***See*** Pa.R.A.P. 561. Accordingly, Appellant's petition does not substantially comply with Pa.R.A.P. 561.

Motion denied; appeal quashed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/17/2017

---

[2] A petition seeking in forma pauperis status must include an accompanying verified statement substantially conforming to the requirements of Pa.R.A.P. 561. Those requirements include a statement recognizing that a false statement in support of a petition will subject the petitioner to penalties provided by the law.