J-S30036-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRUCE MURRAY, | : | |
| | : | |
| Appellant | : | No. 3157 EDA 2018 |

Appeal from the Order Dated September 18, 2018
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1111091-1982

BEFORE: PANELLA, P.J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    **FILED AUGUST 23, 2019**

Bruce Murray ("Murray") appeals, *pro se*, from the Order denying his Motion for DNA testing filed pursuant to Section 9543.1 of the Post Conviction Relief Act ("PCRA"). **See** 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On June 24, 1983, following a jury trial, Murray was convicted of various crimes, including second-degree murder, related to the killing and robbery of Eric DeLegal ("DeLegal"). The trial court sentenced Murray to life in prison. This Court affirmed Murray's judgment of sentence, and the Pennsylvania Supreme Court denied Murray's Petition for allowance of appeal. **See Commonwealth v. Murray**, 505 A.2d 1035 (Pa. Super. 1985) (unpublished memorandum), **appeal denied**, 1872 EAL 1985 (Pa. Nov. 26, 1986). Thereafter, Murray filed numerous unsuccessful PCRA Petitions.

On January 3, 2018,[1] Murray filed the instant *pro se* Motion for DNA testing of various pieces of evidence purportedly collected at the scene of the crime. On September 18, 2018, the PCRA court dismissed the Motion without a hearing. Murray filed a timely Notice of Appeal[2] and a Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

On appeal, Murray raises the following questions for our review:

> A. DID PCRA Court Err For Failure To Comply To 42 Pa.C.S.A. §9543.1 For DNA Testing Of Items And Clothing Collected From The Alleged Crime Scene By Forensic Investigatiion, PCRA Court Has Failed To Serve Notice As Required To The Commonwealth Upon Receipt Of A Motion Under Subsection (a) The Shall Notify The Commonwealth and Shall Afford The Commonwealth An Opportunity To Respond To The Motion, PCRA Court Rubber Sampled Her Order, Is PCRA Judges At The Criminal Justice Center, 1301 Flbert Street Granting DNA Hearing To Obtain Forensic Evidence For Testing If Available? Defendant Wll Cite Those Cases On appeal For A Remain Requesting For, Is The Leading Case To Obtain Forensic Evidence From The Crime Scene? Is Commonwealth v. Anthony Wright, 609 A.3d 2011 Pa. Lexis 38172 A.L.R. 6th No. EAP 2008[?]

---

[1] We note that Murray's Motion is date-stamped January 3, **2017**. However, the envelope accompanying Murray's Motion is postmarked January 3, 2018, and Murray's letter accompanying the Motion is dated December 30, 2017. Accordingly, we believe the January 3, 2017 date stamp was an error, and the Motion was actually docketed on January 3, 2018.

[2] Murray's *pro se* Notice of Appeal was received by the trial court on October 19, 2018, 31 days after the entry of the Order denying Murray's Motion. **See** Pa.R.A.P. 903(a) (stating that a notice of appeal shall be filed within 30 days after the entry of the order from which the appeal is taken). However, Murray certified that his Notice of Appeal was deposited with the prison mailing system on October 16, 2018. **See** Pa.R.A.P. 121(a). In accordance with the prisoner mailbox rule, **see Commonwealth v. Jones**, 700 A.2d 423, 426 (Pa. 1997), we find Murray's Notice of Appeal to be timely filed.

> B. Does PCRA Genece Brinkley Must Recusal Herself Once Case Be Remanded For Forensic DNA Testing? Does Appellant Have Evidnece To Support His Argument For Recusal Of Judge Brinkley? See, Commonwealth v. Amir Hakim McCain, Judge Denied McCain's PCRA Petition For An Evidnetiary Hearing Regarding Trial Counsel Ineffectiveness For Failure To Communicate Information During His Absence Of Venireperson In -Chambers Of Juror 19 Alam Hampton, The PCRA Judge Brinkley Stated that [ii] seems Obvious That The Purpose Of The Meeting Was To Discuss That Specific Juror And To Use A Peremptory Challenge To Strike Her, On August 7, 2000, The Superior Court Of Pennsylvania Remanded Appellant's Case For An Evidentiary Hearing Stating In Light Of The Fact That No Hearing Was Held On Appellant's PCRA Petition, They Do Not Have A Sufficient Factual That Basis Of Record To Review The PCRA Court's Determinatioin, Due To The State of The Record.

Brief for Appellant at 1 (errors included).[3]

In his first issue, Murray alleges that the trial court erred in denying his Motion for DNA testing. *Id.* at 2-5. Murray states that the results of DNA testing of certain pieces of evidence that were collected by police investigators would prove his innocence. *Id.* at 2. Specifically, Murray requests that the following items be tested: "(1) victim['s] clothing, (2) victim['s] blood, (3) [Murray's] blood, (4) [Murray's] finger print [on] front door, (5) furnitures as (a) table, (b) chairs and desk, (6) hair, (7) skin cells, (8) fibers, (9) bullets, (10) pistol, (11) sawed off shotgun and (12) multiple gunshot of 38's and 32

---

[3] Murray's second claim raises issues unrelated to his request for DNA testing. *See Commonwealth v. Walsh*, 125 A.3d 1248, 1252 (Pa. Super. 2015) (stating that "Section 9543.1 cannot be used to raise extraneous issues not related to DNA testing in an effort to avoid the one-year PCRA time bar." (quotation marks and brackets omitted)). Accordingly, Murray must raise this issue in a timely-filed PCRA petition, and we will solely review Murray's first claim regarding the denial of his Motion for DNA testing.

that caused wounds of the body and the manner of death to be homicide."

*Id.*

Initially, we note that

[m]otions for post-conviction DNA tests, while considered post-conviction petitions under the PCRA, are clearly separate and distinct from claims pursuant to other sections of the PCRA. It is well-recognized that the one-year time bar proscribed under the PCRA does not apply to petitions for post-conviction DNA testing under Section 9543.1.

*Commonwealth v. Perry*, 959 A.2d 932, 938 (Pa. Super. 2008) (quotation marks and citations omitted).

We review an order denying a motion for post-conviction DNA testing as follows:

[T]he [PCRA] court's application of a statute is a question of law that compels plenary review to determine whether the court committed an error of law. When reviewing an order denying a motion for post-conviction DNA testing, this Court determines whether the movant satisfied the statutory requirements listed in Section 9543.1 [of the PCRA]. We can affirm the court's decision if there is any basis to support it, even if we rely on different grounds to affirm.

*Commonwealth v. Williams*, 35 A.3d 44, 47 (Pa. Super. 2011) (internal citations omitted).

As we explained in *Williams*,

[Section 9543.1] sets forth several threshold requirements to obtain DNA testing: (1) the evidence specified must be available for testing on the date of the motion; (2) if the evidence was discovered prior to the applicant's conviction, it was not already DNA tested because (a) technology for testing did not exist at the time of the applicant's trial; (b) the applicant's counsel did not request testing in a case that went to verdict before January 1, 1995; [] (c) [the evidence was subject to the testing,

but newer technology could provide substantially more accurate and substantially more probative results]; or [(d)] counsel sought funds from the court to pay for the testing because his client was indigent, and the court refused the request despite the client's indigency. Additionally, … [u]nder [S]ection 9543.1(c)(3), the petitioner is required to present a *prima facie* case that the requested DNA testing, assuming it gives exculpatory results, would establish the petitioner's actual innocence of the crime. Under [S]ection 9543.1(d)(2), the court is directed not to order the testing if it determines, after review of the trial record, that there is no reasonable possibility that the testing would produce exculpatory evidence to establish [the] petitioner's actual innocence. From the clear words and plain meaning of these provisions, there can be no mistake that the burden lies with the petitioner to make a *prima facie* case that favorable results from the requested DNA testing would establish his innocence. We note that the statute does not require [the] petitioner to show that the DNA testing results would be favorable. However, the court is required to review not only the motion for DNA testing, but also the trial record, and then make a determination as to whether there is a reasonable possibility that DNA testing would produce exculpatory evidence **that would establish petitioner's actual innocence**. We find no ambiguity in the standard established by the legislature with the words of this statute.

*Id.* at 49-50 (citation omitted; emphasis in original).

Here, Murray baldly asserts that police investigators collected numerous pieces of evidence, which, if tested for DNA, would prove his innocence. Although Murray claims that these items are being held by the Philadelphia Police Department, Murray has failed to indicate whether these items were discovered prior to his conviction, and if so, why they were not tested at that time. Additionally, Murray does not explain how the DNA testing of these items would prove his innocence. Thus, Murray has failed to meet the threshold requirements for obtaining DNA testing, and to present a *prima facie* case that the requested testing would establish his innocence. ***See id.***,

*supra*. Accordingly, Murray has not satisfied the requirements of Section 9543.1, and the trial court properly denied Murray's Motion for DNA testing.[4]

Order affirmed. Motion for Correction to Appellee Errors Within Brief denied.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/23/2019

---

[4] Murray has filed a *pro se* "Motion for Correction to Appellee Errors Within Brief," which was deferred for disposition by this panel. After consideration, we find the Motion to be frivolous and lacking any merit. Accordingly, we deny Murray's "Motion for Correction to Appellee Errors Within Brief."