# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Christopher T. Thomas,          :
              Appellant   :
                             :
          v.              :   No. 1543 C.D. 2019
                             :   Submitted: August 28, 2020
Department of Corrections,     :
Superintendent Jamey P. Luther, :
SCI-Smithfield Medical Dept.,   :
Employee: Jennifer Pierce, P.A.  :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge[1]
               HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE ELLEN CEISLER, Judge

<u>OPINION NOT REPORTED</u>

MEMORANUM OPINION BY
JUDGE COHN JUBELIRER          FILED: January 7, 2022

Christopher T. Thomas (Thomas), proceeding pro se, appeals from the September 16, 2019 Order of the Court of Common Pleas of Huntingdon County (trial court) that dismissed Thomas's "Petition for Medical Negligence of Care" (Complaint) against the Department of Corrections (DOC), Superintendent Jamey P. Luther (Superintendent), and the SCI-Smithfield[2] Medical Department, which employed Jennifer Pierce, P.A. (PA Pierce) (collectively, Appellees). The Complaint generally alleged that Thomas had a solid hinge-joint knee brace prescribed for his left-knee pain that the medical staff at SCI-Smithfield, particularly PA Pierce, forced him to remove by threat and refused to return it

---

[1] This opinion was reassigned to the author on November 1, 2021.

[2] SCI-Smithfield is the State Correctional Institution at Smithfield.

despite Thomas's ongoing need for the medical device. (Complaint at 2, ¶¶ 1, 3, 8-9, Original Record (O.R.) Item No. 2.) The trial court dismissed the Complaint pursuant to Pennsylvania Rule of Civil Procedure 240(j)(1), Pa.R.Civ.P. 240(j)(1), which allows a court to dismiss an action prior to ruling on a party's petition for leave to proceed *in forma pauperis* (IFP) if the court "is satisfied that the action . . . is frivolous." The trial court concluded, based on exhibits attached to the Complaint, that Thomas failed to identify any facts and circumstances upon which relief could be granted because he "elected, pursuant to a signed [DOC] DC[-]462 release from responsibility for medical treatment form [(Release)], not to have the knee brace" and could not assert a medical malpractice claim based on treatment he refused. (Trial Court Order, O.R. Item No. 5.) On appeal,[3] Thomas argues the trial court erred in dismissing the Complaint because this matter involves his involuntary relinquishing and the wrongful taking of his solid hinge-joint knee brace, and the Release relied upon by the trial court related to his voluntary release of a soft knee brace or sleeve.

Following this Court's receipt of the trial court's original record, we issued an order on April 30, 2020, indicating that it "appear[ed] that this appeal may be untimely," as it appeared to have been filed on October 25, 2019, and not within 30 days of the trial court's September 16, 2019 order. *Thomas v. Dep't of Corr.* (Pa. Cmwlth., No. 1543 C.D. 2019, filed Apr. 30, 2020). Therefore, we directed the parties to "address whether the appeal is untimely in their principal briefs on the

---

[3] Our review of a dismissal of a complaint as frivolous pursuant to Rule 240(j)(1) is limited to determining whether constitutional rights were violated and whether the trial court abused its discretion or committed an error of law. *Jones v. Doe*, 126 A.3d 406, 408 n.3 (Pa. Cmwlth. 2015).

2

merits or in an appropriate motion. *See* [Pennsylvania Rule of Appellate Procedure 903(a),] Pa.[]R.A.P. 903(a)." *Id.*

Rule 903(a) provides that a notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a); *see also* Section 5571(a) of the Judicial Code, 42 Pa.C.S. § 5571(a) (providing that the time for filing an appeal to an appellate court "shall be governed by general rules"). "The timeliness of an appeal and compliance with the statutory provisions granting the right to appeal implicate an appellate court's jurisdiction and its competency to act," and "[a]bsent extraordinary circumstances, an appellate court lacks the power to extend the time provided . . . for taking an appeal." *Commonwealth v. Williams*, 106 A.3d 583, 587 (Pa. 2014). Accordingly, the failure to timely appeal "an order generally divests the appellate court of its jurisdiction to hear the appeal." *Id.*

For pro se inmates, the "prisoner mailbox rule" governs when appeals are considered "filed" and provides that the date of filing will be determined by when the inmate deposits the appeal with the prison authorities. *Commonwealth v. Jones*, 700 A.2d 423, 426 (Pa. 1997). Evidence that can be used to prove when an appeal is filed under the prisoner mailbox rule include the postmark on the envelope in which the appeal was filed and prison cash slips showing the date of a deduction from the inmate's account for mailing. *Id.* Thomas, as the appellant, bears the burden of proving the timeliness of this appeal. *Id.*

Thomas's appeal was received and marked as filed by the trial court on October 25, 2019, which is more than 30 days after the trial court's September 16, 2019 Order. The original record does not include the envelope in which Thomas's appeal was sent, and, therefore, there is no postmark from which the filing date can

be ascertained. And, although this Court directed the parties to address the timeliness of the appeal, thereby providing Thomas a chance to demonstrate why his appeal was filed within the mandatory 30-day period, Thomas did not. Having failed to present **any** evidence that would establish that his appeal was timely filed or should be considered as having been timely filed, we are constrained to conclude that it was not timely filed and that the Court lacks jurisdiction to consider Thomas's appeal. Accordingly, Thomas's appeal is quashed as untimely.

_____

**RENÉE COHN JUBELIRER**, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Christopher T. Thomas,         :
                Appellant     :
                              :
         v.              :    No. 1543 C.D. 2019
                              :
Department of Corrections,       :
Superintendent Jamey P. Luther,   :
SCI-Smithfield Medical Dept.,     :
Employee: Jennifer Pierce, P.A.     :
                              :

## O R D E R

**NOW**, January 7, 2022, the appeal of Christopher T. Thomas in the above-captioned matter, having not been filed within the 30-day time period required by Pennsylvania Rule of Appellate Procedure 903(a), Pa.R.A.P. 903(a), is hereby **QUASHED**.

 

                           _____

                           **RENÉE COHN JUBELIRER,** Judge