J-S34035-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JOSHUA JAMES GOYETTE JR. | : | |
| | : | |
| Appellant | : | No. 282 WDA 2022 |

Appeal from the PCRA Order Entered February 9, 2022
In the Court of Common Pleas of Butler County Criminal Division at
No(s): CP-10-CR-0001980-2005

BEFORE: DUBOW, J., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:      **FILED: OCTOBER 17, 2022**

Joshua James Goyette Jr. (Goyette) appeals from the February 9, 2022 order of the Court of Common Pleas of Butler County (PCRA court) denying his petition for DNA testing pursuant to the Post-Conviction Relief Act (PCRA).[1]  We affirm.

This Court has previously summarized the facts of this case in detail. ***Commonwealth v. Goyette***, 1353 WDA 2007, at *1-3 (Pa. Super. June 27, 2008) (unpublished memorandum).  Briefly, on June 25, 2005, Goyette entered an elderly victim's apartment through a window and repeatedly struck her on the head and hands with a crystal candlestick holder before

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541 *et seq.*

fleeing the scene. The victim suffered significant injuries to her head and hands. After developing Goyette as a suspect in the attack, police went to the apartment where he was staying with his mother. They recovered a bloody white t-shirt from the dumpster at the apartment along with a pair of sneakers, and the t-shirt tested positive for the victim's DNA. Goyette's mother confirmed that Goyette had been wearing a white t-shirt on the night in question and that she saw him later that night covered in blood and no longer wearing the shirt. Goyette was subsequently arrested and gave a statement to officers in which he admitted to the attack. He was found guilty following a jury trial of attempted homicide, aggravated assault and criminal mischief and was sentenced to an aggregate of 20 to 40 years' imprisonment.[2] This Court affirmed the judgment of sentence.

Goyette filed four PCRA petitions between 2009 and 2017, none of which garnered relief. He filed the instant petition for DNA testing on August 9, 2021, requesting testing of the inner portion of the sneakers that were recovered from the dumpster and a steering wheel cover collected from his vehicle. Both items were collected by investigators shortly after the attack. Goyette contended that his DNA would not be found on the sneakers and that testing of the steering wheel cover would establish his innocence.

---

[2] 18 Pa.C.S. §§ 901(a), 2702(a)(1) & 3304(a)(5).

The Commonwealth filed a response arguing that the motion was untimely and that Goyette was not entitled to further DNA testing because testing was available at the time of his trial and would not establish his actual innocence. Goyette responded that the PCRA's jurisdictional time-bar does not apply to petitions for DNA testing and that prior counsel was ineffective for failing to request the testing. He further contended that even though the t-shirt and a cigarette butt were tested at the time of his trial, they did not reveal his DNA, lending support to his claim of actual innocence. He maintained that further DNA testing of the sneakers and steering wheel cover would establish his actual innocence, citing cases in which defendants were exonerated by DNA evidence even after confessing to crimes.

The PCRA court agreed with the Commonwealth and issued a notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. Goyette filed a response clarifying that he requested testing of the steering wheel cover for the victim's DNA rather than his own.[3] He further argued that the sneakers were found in the dumpster next to the blood-soaked t-shirt, and if testing did not reveal his DNA, it would establish that a different perpetrator disposed of both items. The PCRA court dismissed the petition, noting that Goyette's response to its notice of intent to dismiss was

---

[3] Goyette had confessed to fleeing the scene in his vehicle after attacking the victim. He argued that the absence of blood or the victim's DNA on his steering wheel cover would undermine the reliability of his confession.

not timely filed.[4]  Goyette timely appealed and he and the PCRA court have complied with Pa. R.A.P. 1925.

On appeal, Goyette challenges the PCRA court's denial of his petition on several grounds.[5]  He contends that the PCRA court erred in holding that he had failed to meet the threshold requirements for post-conviction DNA

---

[4] Goyette's first two issues on appeal relate to whether the PCRA court abused its discretion in failing to consider his response to the Pa.R.Crim.P. 907 notice. The record reveals that the notice was initially sent to the wrong address and the Clerk of Courts mailed a second notice on December 9, 2021.  The certificate of service and postmark on Goyette's response is December 23, 2021.  Accordingly, pursuant to the prisoner mailbox rule, Goyette's response was timely filed within 20 days of service of the notice. **See Commonwealth v. Jones**, 700 A.2d 423, 426 (Pa. 1997) (filings by *pro se* prisoners are deemed filed "on the date that the appellant deposits the appeal with prison authorities and/or places it in the prison mailbox"); Pa. R.A.P. 108(a)(1) ("[T]he day of entry [of an order] shall be the day the clerk of the court . . . mails or delivers copies of the order to the parties . . .").  However, we note that a PCRA court is not required to comply with Pa.R.Crim.P. 907 when ruling on a motion for DNA testing.  **Commonwealth v. Hardy**, 274 A.3d 1240, 1246 n.2 (Pa. Super. 2022).  Nevertheless, because the PCRA court informed Goyette he had 20 days to respond to the notice and he timely complied, we have considered the filing in our disposition of this appeal.

[5]

Generally, the trial court's application of a statute is a question of law that compels plenary review to determine whether the court committed an error of law.  When reviewing an order denying a motion for post-conviction DNA testing, this Court determines whether the movant satisfied the statutory requirements listed in Section 9543.1.  We can affirm the court's decision if there is any basis to support it, even if we rely on different grounds to affirm.

**Commonwealth v. Walsh**, 125 A.3d 1248, 1252-53 (Pa. Super. 2015) (citation omitted).

testing or set forth a *prima facie* case of his actual innocence. He also claims the PCRA court erred in finding that his request was untimely and sets forth an equitable argument that testing should be granted notwithstanding any delay in his request. These arguments are meritless.

Section 9543.1 of the PCRA governs requests for post-conviction DNA testing. **See** 42 Pa.C.S. § 9543.1. That section sets forth alternative threshold requirements that a petitioner must establish:

> If the evidence was discovered prior to the applicant's conviction, the evidence shall not have been subject to the DNA testing requested because the technology for testing was not in existence at the time of the trial or the applicant's counsel did not seek testing at the time of the trial in a case where a verdict was rendered on or before January 1, 1995, or the evidence was subject to the testing, but newer technology could provide substantially more accurate and substantially probative results, or the applicant's counsel sought funds from the court to pay for the testing because his client was indigent and the court refused the request despite the client's indigency.

42 Pa.C.S. § 9543.1(a)(2).

Goyette has not established any of these requirements. Technology for DNA testing was undisputedly in existence by the time of his 2007 trial, as items of evidence were submitted for testing and introduced at his trial. His trial took place well after the January 1, 1995 cut-off date for testing items when trial counsel failed to previously request it. The inner portion of the sneakers and the steering wheel cover were not previously subjected to testing, so he may not seek additional testing on the basis that new methods are more reliable. Finally, the record reveals that he did not previously file a

motion for DNA testing that was denied despite his indigency. As Goyette cannot meet any of Section 9543.1(a)(2)'s threshold requirements, the PCRA court was entitled to deny the petition on this basis alone.

Additionally, a request for DNA testing must be "made in a timely manner and for the purpose of demonstrating the applicant's actual innocence." **See** 42 Pa.C.S. § 9543.1(a)(4), (d)(1)(iii).[6] We have previously held that a motion for DNA testing was untimely under this section when the petitioner was aware of the existence of the evidence in question before trial and litigated three PCRA petitions over nearly a decade before seeking the DNA testing. **Commonwealth v. Walsh**, 125 A.3d 1248, 1258 (Pa. Super. 2015); **see also Commonwealth v. Edmiston**, 65 A.3d 339, 357-58 (Pa. 2013) (affirming denial of DNA testing when motion was filed 20 years after petitioner's conviction, he was aware of the evidence and declined further testing at the time of trial, and he had previously sought PCRA relief on other grounds), *overruled on other grounds,* **Commonwealth v. Small**, 238 A.3d 1267 (Pa. 2020).

Here, Goyette's judgment of sentence became final in 2009 following the conclusion of his direct appeal. He filed four PCRA petitions prior to the instant petition for DNA testing. The first petition alleged several claims of

---

[6] The PCRA's one-year jurisdictional time-bar does not apply to motions under this section. **In re Payne**, 129 A.3d 546, 553 n.11 (Pa. Super. 2015) *(en banc).*

trial counsel ineffectiveness for failing to challenge the lack of DNA evidence connecting Goyette to the bloody t-shirt or the victim's apartment. ***See*** Memorandum of Law in Support of Post-Conviction Relief Act Petition, 8/13/09, at unnumbered 5. The remaining petitions did not concern DNA evidence. He did not seek DNA testing at any point prior to the instant petition, filed over a decade after his judgment of sentence became final.

Additionally, Goyette's petition acknowledges that the evidence he seeks to test was collected early in the investigation in this case, well before trial. Other items of evidence were tested prior to trial, but he did not seek to have the sneakers or steering wheel cover tested at that time. His current claims—that the sneakers found with the t-shirt did not belong to him and that his steering wheel cover did not have the victim's blood on it—would have been apparent to him during this time frame. His petition did not set forth any explanation for the 11-year delay in seeking testing, even though the theory he seeks to prove now is related to the defense he presented at trial. Under these circumstances, the PCRA court correctly concluded that the petition was controlled by ***Walsh***, ***supra***, and he had not established that it was timely filed.

Goyette argues that his petition should be considered timely because he learned of the TrueAllele DNA testing program in 2021 and filed the petition shortly thereafter. He contends that this method of testing would be more reliable and accurate than methods available at the time of trial and

that he could not have raised this claim when he filed his previous petitions.[7]

As the Commonwealth points out in its brief, Goyette did not raise this argument or reference TrueAllele in any capacity in the lower court. Accordingly, it is waived. Pa. R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."). No relief is due.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/17/2022

---

[7] Section 9543.1(a)(2) was amended to permit DNA testing on the basis that "the evidence was subject to the testing, but newer technology could provide substantially more accurate and substantially probative results" on December 24, 2018. **See** Act of Oct. 24, 2018, P.L. 896, No. 147, § 1. Prior to this amendment, our Supreme Court held "the statute does not make advances in technology an excuse for failing timely to request DNA testing." **Commonwealth v. Edmiston**, 65 A.3d 339, 358 (Pa. 2013), *overruled on other grounds by* **Commonwealth v. Small**, 238 A.3d 1267 (Pa. 2020). In any case, as discussed *supra*, the evidence Goyette seeks to test was not previously subject to testing so he is not entitled to relief under the amended version of the statute.