J-S28023-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEREMIAH BUSH | : | |
| | : | |
| Appellant | : | No. 285 EDA 2024 |

Appeal from the PCRA Order Entered December 11, 2023
In the Court of Common Pleas of Chester County
Criminal Division at No: CP-15-CR-0001940-2009

BEFORE: STABILE, J., MURRAY, J., and LANE, J.

MEMORANDUM BY STABILE, J.: **FILED NOVEMBER 4, 2024**

Appellant Jeremiah Bush appeals from the December 11, 2023 order of the Court of Common Pleas of Chester County, which denied his second petition for collateral relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46. Upon review, we remand for proceedings consistent with this memorandum.

The underlying facts are not in dispute. In 2013, a jury found Appellant guilty of first-degree murder, and he was sentenced to a mandatory term of life imprisonment without the possibility of parole. This Court affirmed his judgment of sentence, and our Supreme Court denied Appellant's allowance of appeal. Appellant filed a timely first PCRA petition on February 29, 2016, which was ultimately denied on January 13, 2020. This Court affirmed the dismissal, and our Supreme Court denied Appellant's allowance of appeal.

Appellant filed the instant *pro se* PCRA petition, his second, on September 28, 2021. The PCRA court filed its notice of intention to dismiss Appellant's PCRA petition without an evidentiary hearing on January 21, 2022. Appellant filed a response to the notice to dismiss on February 22, 2022. For reasons unknown, the PCRA court did not issue a final order dismissing Appellant's PCRA petition. Instead, Appellant filed a motion for leave to file a supplemental PCRA petition, which was granted by the PCRA court. The PCRA ultimately denied Appellant's second petition and supplemental petition on December 11, 2023. Appellant filed a notice of appeal on January 17, 2024.

On appeal, Appellant raises the following issues for our review:

1. Did the PCRA court err in denying Appellant an evidentiary hearing on Appellant's claim of newly discovered/after discovered evidence consisting of the signed, sworn, and notarized affidavit of Appellant's codefendant Shamone Woods confessing that he (Woods) was the getaway driver in the murder of Jonas Suber?

2. Did the PCRA court err in failing to grant appropriate relief on Appellant's claim of newly discovered/after discovered evidence showing that the Commonwealth failed to disclose statements of exculpatory and impeaching nature, made by witness Clarence Milton wherein Milton falsely implicated Appellant for the murder of Sharieff Lighty [in an unrelated case]?

3. Did the PCRA court err in failing to grant Appellant's motions seeking permission to conduct post-conviction discovery to obtain recorded prison telephone conversations between Appellant and Clarence Milton wherein Milton is heard expressing remorse and directly apologizing to Appellant for falsely implicating Appellant for several murders, including the instant murder case?

Appellant's Brief at 5 (cleaned up).

Preliminarily, we must address the timeliness of this appeal. *See Commonwealth v. Williams*, 106 A.3d 583, 587 (Pa. 2014) (stating that the timeliness of an appeal implicates an appellate court's jurisdiction). Generally, a notice of appeal must be filed within 30 days after the entry of the order appealed from. *See* Pa.R.A.P. 903(a). Appellant filed his notice of appeal on January 17, 2024 – 37 days after the December 11, 2023 order dismissing his PCRA petition. Thus, his appeal is facially untimely.

However, because Appellant is incarcerated, this appeal implicates Pa.R.A.P. 121(f) (the prisoner mailbox rule), which provides:

> A *pro se* filing submitted by a person incarcerated in a correctional facility is deemed filed as of the date of the prison postmark or the date the filing was delivered to the prison authorities for purposes of mailing as documented by a properly executed prisoner cash slip or other reasonably verifiable evidence.

Pa.R.A.P. 121(f). Appellant's notice of appeal was dated January 8, 2024, and the proof of service contained a hand-written date of January 9, 2024, which both fall within the 30-day deadline. The notice, however, was not entered on the docket until January 17, 2024.

On April 23, 2024, this Court issued a rule to show cause why the appeal should not be quashed as untimely. Appellant did not respond. On August 1, 2024, Appellant filed an application for relief to *nunc pro tunc* accept his response to this Court's rule to show cause, as well as a reply brief. He claims that he did not receive this Court's rule to show cause and only learned that the Commonwealth claimed his notice of appeal was untimely when he received a copy of the Commonwealth's brief. Additionally, Appellant attached

- 3 -

a copy of a cash slip purportedly showing that he submitted the notice of appeal to prison officials on January 9, 2024.

It is well-settled that a cash slip "may be sufficient to establish that an appeal was delivered to prison officials or deposited in the prison mailbox within the thirty[-]day filing period." ***Smith v. Pennsylvania Bd. Of Probation and Parole***, 683 A.2d 278, 282 (Pa. 1996). Although **Smith** was decided in the context of appeals from agency decisions, our Supreme Court extended the prisoner mailbox rule announced in **Smith** to all appeals by *pro se* prisoners. ***Commonwealth v. Jones***, 700 A.2d 423, 426 (Pa. 1997).

The **Jones** Court set forth a non-exhaustive list of what constitutes sufficient evidence to invoke the prisoner mailbox rule:

> In **Smith**, we said that the "Cash Slip" that the prison authorities gave Smith noting both the deduction from his account for the mailing to the prothonotary and the date of the mailing, would also be sufficient evidence. We further stated in **Smith** that an affidavit attesting to the date of deposit with the prison officials likewise could be considered. This Court has also accepted evidence of internal operating procedures regarding mail delivery in both the prison and the Commonwealth Court, and the delivery route of the mail, to decide the last possible date on which the appellant could have mailed an appeal based on the date that the prothonotary received it. Proof is not limited to the above examples and we are inclined to accept any reasonably verifiable evidence of the date that the prisoner deposits the appeal with the prison authorities.

***Id.*** "Where, however, the facts concerning the timeliness are in dispute, a remand for an evidentiary hearing may be warranted." ***Id.*** n3; ***see also Smith***, 683 A.2d at 282 ("we believe that the most appropriate course of action is a remand . . . [where] an opportunity should be afforded appellant

to meet his burden of proof and come forward with evidence . . . as to the date that he deposited his notice of appeal with the prison authorities").

Here, there is a dispute of fact concerning the timeliness of Appellant's notice of appeal. Based on the foregoing, we remand to the PCRA court for a hearing to determine whether Appellant's notice of appeal was timely filed pursuant to the prisoner mailbox rule.[1]

Case remanded with instructions. Jurisdiction retained. Application for relief denied as moot.

Judge Lane joins the memorandum.

Judge Murray files a dissenting memorandum.

_____

[1] Based on our disposition, we conclude that Appellant's application for relief filed on August 6, 2024 is moot.