J-S28023-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEREMIAH BUSH | : | |
| | : | |
| Appellant | : | No. 285 EDA 2024 |

Appeal from the PCRA Order Entered December 11, 2023
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0001940-2009

BEFORE: STABILE, J., MURRAY, J., and LANE, J.

DISSENTING MEMORANDUM BY MURRAY, J.: **FILED NOVEMBER 4, 2024**

I respectfully disagree with the Majority's conclusion that there is a factual dispute concerning the timeliness of Appellant's appeal warranting further proceedings in the PCRA court. I would instead quash Appellant's appeal as untimely filed.

The PCRA court dismissed Appellant's PCRA petition on December 11, 2023. Thus, Appellant had until January 10, 2024, to file a timely appeal. *See* Pa.R.A.P. 903(a) (providing an appeal must be filed within 30 days of the entry of the order from which the appeal is taken).

Appellant's notice of appeal is dated January 8, 2024. Appellant provided a proof of service that is hand-dated January 9, 2024. As the Majority notes, both dates are within the 30-day time period for filing an appeal. However, the notice of appeal was not entered on the docket until January 17, 2024, seven days after the time for filing an appeal had expired.

As Appellant was incarcerated, I agree with the Majority that this appeal implicates the prisoner mailbox rule. *See* Pa.R.A.P. 121(f) (providing a *pro se* prisoner's document is deemed filed on the date he delivers it to prisoner authorities for mailing). Appellant attached to his application for relief a copy of a prisoner cash slip for his notice of appeal. The cash slip bears the handwritten date of January 9, 2024.

However, a handwritten date—whether on the notice of appeal or a prisoner cash slip—is not the best evidence of the date on which Appellant deposited the mailing with prison authorities. Appellant could, in theory, write any date on his notice of appeal or cash slip. *See id.* (indicating the prison postmark or date of delivery to prison authorities should be documented by a prisoner cash slip or "other reasonably verifiable evidence"). **Importantly, Appellant's cash slip was marked "received" by the prison mail system on January 11, 2024, after the time for filing a timely appeal had expired.**

"The appellant bears the burden of proving that he … in fact delivered the appeal within the appropriate time period." *Commonwealth v. Jones*, 700 A.2d 423, 426 (Pa. 1997). Under these circumstances, I would conclude Appellant failed to meet his burden. Rather, given the official prison stamps on the cash slip, the evidence clearly indicates Appellant did not deposit the notice of appeal with prison authorities until after the 30-day appeal period had expired. Accordingly, I would quash the appeal as untimely filed.