J-S09036-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT |
| | : | OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| | : | |
| DONALD FLYNN | : | |
| | : | |
| Appellant | : | |
| | : | No. 2473 EDA 2024 |

Appeal from the Judgment of Sentence Entered July 30, 2024
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0004634-2022

BEFORE:   MURRAY, J., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                     **FILED APRIL 8, 2026**

Appellant, Donald Flynn, appeals *pro se* from the judgment of sentence of three to twelve months' incarceration entered by the Court of Common Pleas of Delaware County after he pleaded guilty to one count of Possession of an Instrument of Crime ("PIC").[1]  He raises issues challenging the validity of his guilty plea, the legality of his sentence, and the stewardship of plea counsel.  After careful review, we quash the present appeal.

On May 24, 2022, Appellant was arrested for alleged retail theft from a local department store.  Subsequently, he was charged with fourteen counts

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 907(a).

of Conspiracy,[2] one count of Forgery,[3] and one count of Retail Theft.[4] Eventually, Appellant entered a negotiated, counseled guilty plea to one charge of PIC and, on July 30, 2024, received a sentence of three to 12 months' incarceration with credit for time served. Appellant filed no post-sentence motion challenging his guilty plea.

On September 3, 2024, this Court received Appellant's *pro se* notice of appeal seeking withdrawal of his guilty plea raising issues of ineffective assistance of plea counsel, the legality of his sentence, and the sufficiency of evidence supporting the plea.[5]

Before we address Appellant's questions presented on appeal, we consider the Commonwealth's counter-statement of questions involved, where it asserts that the present appeal is time-barred because Appellant did not file a notice of appeal within 30 days after the trial court filed his judgment of sentence. "The timeliness of an appeal and compliance with the statutory provisions granting the right to appeal implicate an appellate court's

---

[2] 18 Pa.C.S. § 903.

[3] 18 Pa.C.S. § 4101.

[4] 18 Pa.C.S. § 3929(a)(1).

[5] On September 10, 2025, Appellant filed in this Court a *pro se* appellate brief. Because Appellant had been represented by counsel, and there was no indication on the trial court docket that counsel was granted permission to withdraw, it was unclear to this Court whether counsel had advised Appellant of his right to a counseled direct appeal and whether Appellant understood his rights. Accordingly, on September 19, 2025, this Court entered an Order directing the trial court to conduct a **Grazier** hearing. On October 15, 2025, the trial court provided a response stating Appellant knowingly had waived his right to counsel and decided to proceed with a direct appeal *pro se*. The trial court did appoint standby counsel.

jurisdiction and its competency to act." ***Commonwealth v. Williams***, 106 A.3d 583, (Pa. 2014). "Thus, an appellant's failure to appeal timely an order generally divests the appellate court of its jurisdiction to hear the appeal." ***Id***.

A notice of appeal must be filed within 30 days of the entry of the order being appealed. ***See*** Pa.R.A.P. 903(a). Instantly, the trial court's docket for the present matter contains an entry dated July 30, 2024, for the order imposing judgment of sentence. Therefore, Appellant's notice of appeal was due on or before Thursday, August 29, 2024.

Appellant's handwritten *pro se* notice of appeal bears a date of August 29, 2024, but the envelope in which it was mailed is postmarked August 30, 2024. Pa.R.A.P. 121(f), the "prisoner mailbox rule," provides:

> **Date of filing for incarcerated persons.** -- A *pro se* filing submitted by a person incarcerated in a correctional facility is deemed filed as of the date of the prison postmark or the date the filing was delivered to the prison authorities for purposes of mailing **as documented by a properly executed prisoner cash slip or other reasonably verifiable evidence**.

Pa.R.A.P. 121(f) (bold text emphasis added).

Rule 121(f) and interpreting decisional law place upon the *pro se* prisoner the burden to prove the date on which they delivered to prison authorities a document for filing. ***Commonwealth v. Jones***, 700 A.2d 423, 426 (Pa. 1997) (instructing that to avail themselves of the "prisoner mailbox rule," a *pro se* prisoner bears the burden to prove the date they delivered to prison authorities a document for filing); ***see Commonwealth v. Stockton***, 344 A.3d 1067, No. 1509 MDA 2024 at *3, fn 2. (non-precedential decision)

(Pa. Super. filed July 1, 2025) (deciding that burden of proof required by Rule 121(f) and ***Jones*** in order to avail oneself of the prisoner mailbox rule was not met by petitioner Stockton, whose "handwritten notation of [the] date on the petition itself . . . did not include any official documentation from the prison or the postal service indicating the date on which he actually placed the petition in the hands of prison officials or in the prison mailbox.").

Appellant supplies neither the prison cash slip nor any other reasonably verifiable evidence that he delivered his handwritten notice of appeal to prison authorities for mailing on or before the filing deadline of August 29, 2024. Accordingly, we may not confer the benefit of the "prisoner mailbox rule" to Appellant's notice of appeal and must, instead, treat it as untimely filed on August 30, 2024. Therefore, we lack jurisdiction to consider the present appeal.

Appeal is quashed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/8/2026