J-S42017-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JEREMY CRUZ | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MADELINE SABLE MORALES AND | : | No. 583 WDA 2022 |
| JOSE AGAPITO MORALES | : | |

Appeal from the Order Entered April 12, 2022
In the Court of Common Pleas of Erie County Civil Division at No(s): No.
10726 of 2021

BEFORE:   BOWES, J., OLSON, J., and COLINS, J.*

MEMORANDUM BY OLSON, J.:                     **FILED: JANUARY 24, 2023**

Appellant, Jeremy Cruz, appeals *pro se* from the April 12, 2022 order entered in the Court of Common Plea of Erie County, which sustained the preliminary objections in the nature of a demurrer filed by Madeline Sable Morales and her father, Jose Agapito Morales, (collectively, "Morales") and dismissed Appellant's second amended complaint with prejudice.  We remand this case for further proceedings in accordance with this memorandum.

On August 16, 2021, Appellant filed *pro se* a complaint against Morales for, *inter alia*, two claims of breach of contract stemming from Appellant's marriage to, and subsequent divorce from, Madeline Morales.  Appellant's Complaint for Breach of Contract, 8/16/21, at ¶66.  On September 17, 2021, Morales filed preliminary objections in the nature of a demurrer to Appellant's

_____

* Retired Senior Judge assigned to the Superior Court.

complaint, as well as a motion to dismiss the complaint with prejudice. On September 30, 2021, Appellant filed a petition, seeking leave of court to amend the complaint to include two claims of breach of contract, as well as a claim for intentional infliction of emotional distress. The trial court subsequently denied Appellant's petition as moot, having found that Appellant filed his petition, which the trial court deemed an amended complaint, within twenty days of service of Morales' preliminary objections. Trial Court Order, 10/6/21; *see also* Pa.R.Civ.P. 1028(c)(1) (stating, "[a] party may file an amended pleading as of course within twenty days after service of a copy of preliminary objections").

On October 15, 2021, Morales filed preliminary objections in the nature of a demurrer to Appellant's amended complaint, as well as a motion to dismiss the amended complaint with prejudice. On November 8, 2021, Appellant filed a second amended complaint.[1] On November 24, 2021, Morales filed preliminary objections in the nature of a demurrer to Appellant's second amended complaint, as well as a motion to dismiss the second amended complaint with prejudice. Appellant filed a response to the preliminary objections on December 10, 2021. On December 20, 2021,

---

[1] Appellant, who was incarcerated in a state correctional institution at the time, received service of Morales' preliminary objections on October 27, 2021. *See* Appellant's *Pro Se* Correspondence, 11/4/21. Therefore, Appellant's second amended complaint was timely filed on November 8, 2021, pursuant to Pa.R.Civ.P. 1028(c)(1).

Morales filed a brief in support of the preliminary objections, and Appellant filed a response to the brief on January 3, 2022.

On January 21, 2022, Morales filed a supplement to the brief in support of the preliminary objections. On February 7, 2022, Appellant filed a petition to strike the supplement to Morales' brief in support of the preliminary objections and requested oral argument on the matter pursuant to Pa.R.Civ.P. 211. *See* Pa.R.Civ.P. 211 (stating, "Any interested party may request oral argument on a motion. The court may require oral argument, whether or not requested by a party. The court may dispose of any motion without oral argument."). On April 12, 2022, the trial court sustained Morales' preliminary objections in the nature of a demurrer to Appellant's second amended complaint and dismissed Appellant's second amended complaint with prejudice.

On May 12, 2022, Appellant filed *pro se* a timely notice of appeal.[2] On May 25, 2022, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) no later than Tuesday, June 21, 2022. Trial Court Order, 5/25/22. The May 25, 2022 order provided Appellant the mailing address to be used in serving a copy of his Rule 1925(b) statement on the trial court and advised Appellant that "[a]ny issue

---

[2] In his notice of appeal, Appellant stated that he appealed from the "judgment entered in this matter on [April 12, 2022.]" Notice of Appeal, 5/12/22. In fact, Appellant appealed from the April 12, 2022 order sustaining the preliminary objections and dismissing his second amended complaint. The caption has been corrected accordingly.

not properly included in [his Rule 1925(b) statement], timely filed and served pursuant to Pa.R.A.P. 1925(b), shall be deemed waived for purpose of appeal." *Id.* The May 25, 2022 order also contained a notation that notice had been provided to Appellant on May 25, 2022, pursuant to Pa.R.Civ.P. 236, and a review of the trial court docket confirms that notice was provided on that date. *Id.*; *see also* Trial Court Docket at 5/25/22 entry, Pa.R.Civ.P. 236(a)(2) and (b) (requiring the prothonotary to note in the trial court docket the date upon which notice of a trial court order is provided to each party's attorney of record or, if unrepresented, to each party). A copy of the May 25, 2022 order was mailed *via* "legal mail" to Appellant using the legal address of the state correctional institution where Appellant was incarcerated, as well as Appellant's control identification number.[3]

Appellant subsequently filed his Rule 1925(b) statement. The Rule 1925(b) statement was dated June 21, 2022, and Appellant avers in the certificate of service that the document was duly mailed on June 21, 2022. Appellant's *Pro Se* Rule 1925(b) Statement. The Rule 1925(b) statement, however, was time-stamped as having been received in the prothonotary's office on June 27, 2022, and the envelope Appellant used for mailing the Rule

---

[3] We note that court documents sent to inmates must be addressed using the inmate's name, the inmate's control identification number, the name of the state correctional institution, and the institution's legal mailing address pursuant to the policies and procedures implemented by the Pennsylvania Department of Corrections. *See* https://www.cor.pa.gov/Pages/Mail.aspx, at "For Courts/Court Entity" (last visited Dec. 28, 2022).

1925(b) statement bears a postage meter time-stamp of June 24, 2022. Although Appellant avers that he mailed his Rule 1925(b) statement on June 21, 2022, which was the applicable filing deadline for the Rule 1925(b) statement, we are unable to verify the date on which Appellant deposited his Rule 1925(b) statement with prison authorities based upon the certified record presently before us. *See Commonwealth v. Jones*, 700 A.2d 423, 426 (Pa. 1997) (explaining the well-established principle, commonly referred to as the "prisoner mailbox rule," under which a document is deemed "filed" on the date an inmate deposits the mailing with prison authorities or places it in the prison mailbox). Before this Court may address the merits of Appellant's issues on appeal, the trial court must first determine whether Appellant waived those issues by failing to file a timely Rule 1925(b) statement. *See Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.*, 88 A.3d 222, 227 (Pa. Super. 2014) (*en banc*) (stating, an appellant waives all issues on appeal if the Rule 1925(b) statement is untimely filed).

Consequently, we are constrained to remand this case so the trial court may conduct an evidentiary hearing to determine the timeliness of Appellant's Rule 1925(b) statement. *See* Pa.R.A.P. 1925(c)(1) (stating, "an appellate court may remand in either a civil or criminal case for a determination as to whether a [Rule 1925(b) statement] had been . . . timely filed"). The trial court shall conduct such an evidentiary hearing, file a supplemental opinion of its findings, and return the certified record within 60 days of the date of this memorandum.

Case remanded for further proceedings.  Jurisdiction retained.