# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dante Jackson, :
                Appellant :
 :
        v. : No. 1163 C.D. 2021
 : Submitted: March 25, 2022
Superintendent, Barry Smith; :
Designated Property Officer 1, :
John Doe I; Designated Property :
Officer 2, John Doe II :

**BEFORE:**     **HONORABLE RENÉE COHN JUBELIRER,** President Judge
                **HONORABLE ELLEN CEISLER,** Judge
                **HONORABLE STACY WALLACE,** Judge

<u>**OPINION NOT REPORTED**</u>

**MEMORANDUM OPINION BY**
**PRESIDENT JUDGE COHN JUBELIRER**     **FILED: April 18, 2023**

Dante Jackson (Jackson), pro se, appeals from a June 1, 2021 Order of the Court of Common Pleas of Clearfield County (trial court) denying his motion to proceed in forma pauperis (IFP) and dismissing his Civil Complaint with prejudice. The trial court dismissed Jackson's Civil Complaint after Jackson purportedly did not comply with an earlier order of the trial court directing Jackson to file an amended pleading within a certain time period. There is also a question as to whether Jackson's Notice of Appeal of the trial court's Order was timely filed. Before this Court, Jackson contends both his Amended Complaint and Notice of Appeal were timely filed under the prisoner mailbox rule. Upon review, we conclude the appeal is proper, vacate the trial court's Order, and remand this matter so the trial court may consider evidence pertaining to the prisoner mailbox rule.

On June 15, 2020, Jackson filed a Civil Complaint with the trial court, alleging that certain personal property and legal mail was not inventoried and was subsequently lost while he was being transported from one state prison to another. Jackson simultaneously sought IFP status. Upon receipt of the Civil Complaint, the trial court issued an order stating the Civil Complaint was defective as it lacked factual and legal specificity, including failure to identify that Jackson exhausted his administrative remedies. The trial court directed Jackson to file an amended pleading within 60 days addressing those deficiencies and warned that failure to comply will result in the Civil Complaint being dismissed as frivolous, along with the motion to proceed IFP. (Original Record (O.R.) Item 3.)

Thereafter, Jackson sought and obtained numerous extensions of time. Pertinent here was a March 9, 2021 order granting Jackson an extension of time to file an amended pleading by May 29, 2021. (O.R. Item 10.) On June 1, 2021, when the trial court had not yet received an amended pleading from Jackson, the trial court issued the Order denying the motion to proceed IFP and dismissing the Civil Complaint with prejudice.

Three days later, the trial court received an Amended Complaint from Jackson. (O.R. Item 14.) The Amended Complaint is dated May 24, 2021, and the envelope in which it was contained is postmarked June 2, 2021. (*Id.*) Upon receipt of the Amended Complaint, the trial court issued an order dated June 11, 2021, and filed June 14, 2021, stating it received Jackson's Amended Complaint on June 4, 2021, after it had already dismissed Jackson's Civil Complaint for failing to meet the May 29, 2021 deadline, and directed the Prothonotary to docket the Amended Complaint and envelope in which it was enclosed for preservation of the record. (O.R. Item 15.)

Jackson subsequently filed a Notice of Appeal with the Superior Court, which then forwarded it to the trial court. (O.R. Item 17.) The Notice of Appeal was stamped received by the Superior Court on July 14, 2021, and was contained in an envelope postmarked July 12, 2021. (*Id.*) The Notice of Appeal itself is dated June 21, 2021. (*Id.*) On August 14, 2021, Jackson wrote a letter to the Clearfield County Prothonotary inquiring into the status of his Notice of Appeal. (O.R. Item 18.) The letter was stamped received on August 18, 2021, and was not docketed as filed until August 27, 2021. It appears from the record that Jackson separately sent a Notice of Appeal directly to the trial court, which was marked received by the Clearfield County Prothonotary on July 21, 2021, and was marked filed on August 27, 2021. (O.R. Item 19.) The second Notice of Appeal was in an envelope postmarked July 19, 2021. (*Id.*) The second Notice of Appeal is identical to the original Notice of Appeal except it bears a handwritten notation as being "resubmitted" on July 1, 2021. (*Id.*)

In response to the Notice of Appeal, the trial court issued an opinion dated August 27, 2021, and filed August 31, 2021. Therein, the trial court recounted the procedural history of this case and concluded Jackson's appeal of the June 1, 2021 Order should be quashed as the Notice of Appeal was untimely.

On October 25, 2021, the Superior Court transferred Jackson's appeal to this Court. We subsequently issued an order directing the parties to address the timeliness of the appeal in their principal brief.[1]

On appeal, Jackson argues under the prisoner mailbox rule, both his Notice of Appeal and the Amended Complaint were timely filed. Jackson also makes

---

[1] Appellees Superintendent, Barry Smith; Designated Property Officer 1, John Doe I; and Designated Property Officer 2, John Doe II filed a notice of non-participation as the matter was dismissed by the trial court prior to service.

numerous other arguments alleging retaliation by prison officials, which has interfered with his mail and access to the courts, and that as a pro se litigant, he should not be held to the same strict standards as a litigant with counsel. To his brief, Jackson attaches various exhibits including cash slips purporting to show he timely filed his appeal and Amended Complaint.

As a threshold matter, we must address the timeliness of Jackson's appeal. Under Pennsylvania Rule of Appellate Procedure 903(a), a "notice of appeal . . . shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). The timeliness of an appeal goes to the Court's jurisdiction. *Brown v. Greene Cnty. Off. of Dist. Att'y*, 255 A.3d 673, 675 (Pa. Cmwlth. 2021).

Because inmates cannot "personally travel to the courthouse" to file pleadings, the courts have adopted a prisoner mailbox rule. *Smith v. Pa. Bd. of Prob. & Parole*, 683 A.2d 278, 281 (Pa. 1996) (citation omitted). "Under the prisoner mailbox rule, a legal document is deemed 'filed' on the date it is delivered to the proper prison authority or deposited in the prison mailbox." *Kittrell v. Watson*, 88 A.3d 1091, 1097 (Pa. Cmwlth. 2014). The prisoner mailbox rule is memorialized in Rule 121(f) of the Pennsylvania Rules of Appellate Procedure, which provides:

> A *pro se* filing submitted by a person incarcerated in a correctional facility is deemed filed as of the date of the prison postmark or the date the filing was delivered to the prison authorities for purposes of mailing as documented by a properly executed prisoner cash slip or other reasonably verifiable evidence.

Pa.R.A.P. 121(f).

The Order from which Jackson seeks to appeal was filed on June 1, 2021. Therefore, to be timely, Jackson's appeal had to have been filed by July 1, 2021. The trial court reasoned Jackson's appeal was untimely as it was not mailed to the

Superior Court until July 12, 2021. Jackson argues he timely filed the Notice of Appeal and, in support of this argument, attaches a cash slip dated June 21, 2021, requesting prison officials charge his account for postage and an envelope to mail to "Prothonotary-Clerk of Court, 310 Grant Street, Ste. 600, The Grant Bldg., Pitt, PA 15219." (Jackson's Br. Appendix (App.) E.) This address matches the address on the envelope contained in the Original Record in which Jackson's Notice of Appeal to the Superior Court was contained. (O.R. Item 17.) Under Supreme Court precedent, a cash slip is one example of what may constitute sufficient evidence to satisfy an inmate's burden to invoke the prisoner mailbox rule.[2] *Commonwealth v. Jones*, 700 A.2d 423, 426 (Pa. 1997). The Court notes the cash slip bears a "HOU Mailroom" stamp with the date July 12, 2021, (Jackson's Br. App. E), and there is no explanation offered as to the delay in processing, except Jackson's allegations that he is being subject to retaliation. However, with the cash slip, Jackson includes an "Inmate's Request to Staff Member" form dated June 20, 2021, asking that the cash slip be approved and stressing its time sensitive nature. (*Id.*) The form includes a response dated June 22, 2021, stating "This will be processed by the mailroom **today**." (*Id.* (emphasis added).)

The Supreme Court explained it is "inclined to accept any reasonably verifiable evidence of the date that the prisoner deposits the appeal with the prison authorities." *Jones*, 700 A.2d at 426. Notwithstanding the stamp on the cash slip, this Court is satisfied that Jackson has presented sufficient evidence to meet his burden. The cash slip and the accompanying request, with a June 22, 2021 response

---

[2] Other examples include a Certificate of Mailing from the United States Postal Service, an affidavit attesting to the date of deposit, and even "evidence of internal operating procedures regarding mail delivery in both the prison and the Commonwealth Court, and the delivery route of the mail, to decide the last possible date on which the appellant could have mailed an appeal based on the date that the prothonotary received it." *Jones*, 700 A.2d at 426.

indicating it would be processed "today," constitutes "reasonably verifiable evidence" that Jackson deposited his appeal with prison authorities in a timely manner. *Id.* Although timeliness is a factual issue for which the Court may remand for an evidentiary hearing, here a remand is not necessary as Appellees, who have filed a notice of non-participation, are not challenging the timeliness of the appeal and Jackson's assertion of timeliness is plausible. *See id.* at 426 n.3.

Turning to the merits of Jackson's appeal, the prisoner mailbox rule is again implicated. On June 1, 2021, the trial court dismissed Jackson's Civil Complaint as frivolous because Jackson had not filed an amended pleading by May 29, 2021, as directed. Jackson contends he did, and again presents cash slips to support his argument. Appended to his brief to this Court is a cash slip dated May 24, 2021, requesting postage for mail to the Clearfield County Prothonotary. (Jackson's Br. App. C.) There is a handwritten notation at the bottom of the cash slip stating "5/27/21 – Not Indigent." (*Id.*) The cash slip is accompanied with an "Inmate's Request to Staff Member" form dated May 24, 2021, in which Jackson requests indigent status to mail an "extreme[ly] time[-]sensitiv[e]" item. (*Id.*) The response, dated May 27, 2021, at the bottom of the request form stated Jackson was "not eligible for [i]ndigent status until at least 6/7/21." (*Id.*)

Jackson then attaches another cash slip, dated May 27, 2021, requesting postage once again for the Clearfield County Prothonotary. (Jackson's Br. App. D.) That cash slip indicates $3.00 was deducted for postage on June 1, 2021. (*Id.*) This cash slip, similar to the others, is accompanied by an "Inmate's Request to Staff Member" form, this one dated May 27, 2021. (*Id.*) Therein, Jackson indicates he has sufficient funds in his account and asks that his request be immediately approved as it involved legal mail and "any delay in the processing of such mail will result in

[him] losing the right to proceed." (*Id.*) He also indicates "it will be the last day for filing." (*Id.*) The response, dated June 1, 2021, indicates "The cost to mail the envelope was $3.00 and was deducted for postage." (*Id.*) It is noteworthy the envelope in which Jackson's Amended Complaint was received bears postage in the amount of $3.00. (O.R. Item 14.) This evidence raises serious questions as to whether Jackson's Amended Complaint was untimely.

Moreover, in determining the timeliness of Jackson's Amended Complaint, the trial court focused on May 29, 2021, as the date his amended pleading was due. Importantly, May 29, 2021, was a Saturday. Under Rule 106(b) of the Pennsylvania Rules of Civil Procedure, which governs computation of time in civil matters, "[w]henever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation." Pa.R.Civ.P. 106(b). Monday, May 31, 2021, was Memorial Day, a legal holiday. Therefore, Jackson's Amended Pleading would have been due June 1, 2021. The trial court prematurely issued an order dismissing Jackson's appeal on this date, without considering that Jackson, under the prisoner mailbox rule, had until this date to deposit his Amended Complaint with prison officials. Accordingly, we vacate the trial court's Order.

As Jackson did not have the opportunity to present any evidence to the trial court as to the timeliness of his Amended Complaint, we remand for the trial court to accept evidence and consider the potential applicability of the prisoner mailbox rule. On remand, when considering evidence of Jackson's filing of the Amended Complaint, the trial court should determine whether Jackson presented "**reasonably verifiable evidence**" that he **deposited** the Amended Complaint **with the prison authorities** by **June 1, 2021**. *Jones*, 700 A.2d at 426 (emphasis added).

7

In summary, Jackson presented "reasonably verifiable evidence" that satisfies his burden of showing his appeal of the trial court order was timely under the prisoner mailbox rule. *Jones*, 700 A.2d at 426. He also presented evidence which, if accepted by the trial court as credible, could trigger application of the prisoner mailbox rule to the filing of his Amended Complaint. For the foregoing reasons, we vacate the trial court's order and remand for the trial court to resolve factual issues relevant to the prisoner mailbox rule.

_____
**RENÉE COHN JUBELIRER,** President Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dante Jackson,                                  :
                        Appellant               :
                                                :
            v.                                  :    No.  1163 C.D. 2021
                                                :
Superintendent, Barry Smith;                    :
Designated Property Officer 1,                  :
John Doe I; Designated Property                 :
Officer 2, John Doe II                          :

## O R D E R

**NOW**, April 18, 2023, the Order of the Court of Common Pleas of Clearfield County (trial court), dated June 1, 2021, is **VACATED**, and the matter is **REMANDED** for the trial court to accept evidence as to the applicability of the prisoner mailbox rule to the filing of Appellant Dante Jackson's Amended Complaint.

Jurisdiction relinquished.

_____
**RENÉE COHN JUBELIRER,** President Judge